IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:22-cv-1514-RLY-DML |
| | ) |
| ALEX PALOU MONTALBO and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR IMMEDIATE REMAND
FOR DEFECTIVE REMOVAL NOTICE**

Plaintiff, Chip Ganassi Racing, LLC, respectfully moves for an immediate remand of this action to the Indiana Commercial Court pursuant to 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded") (emphasis added). The Notice of Removal – which was filed hurriedly in an apparent attempt to preclude further prosecution in the Indiana Commercial Court, including the August 1st 10:00 a.m. scheduling conference before Judge Heather Welch, and the likely preliminary injunction hearing in August. The Notice attempts to invoke diversity jurisdiction, but it is blatantly defective.

Contrary to well settled precedent and this Court's Local Rule 81-1, both of which protect the Article III limitations on jurisdiction, Defendants removed without knowing whether diversity of citizenship exists. Plaintiff does not know either, which is why the action was filed in the Indiana Commercial Court rather than this Court originally. Prior to Defendants' removal, the undersigned advised defense counsel in writing on July 28 that there was not a Rule 11 basis for removal. Defendants proceeded nonetheless. Their removal has two independent, fatal flaws, requiring remand. And, because time is of the essence for protection of Plaintiff's rights through injunctive relief, and Defendants' defective removal is impeding those rights, remand should be immediate.

### A. The Party Asserting Subject-Matter Jurisdiction Has The Burden To Plead It Directly, Not On Information And Belief.

*First*, the Notice violates precedent and Local Rule 81-1(a) by not providing "a listing of the citizenship of each party." Instead, the Notice broadly proclaims, "Complete diversity exists in this matter," [ECF1, ¶7], and then resorts in the next paragraph to the improper "Upon information and belief" caveat, proclaiming, "Upon information and belief, Plaintiff is an Indiana domestic limited liability company, and at least one of its members, Chip Ganassi, is domiciled in Pennsylvania." [ECF1, ¶8].

But as the Court is well aware "information and belief" is insufficient for jurisdictional diversity assertions. *Asons Constr., Inc. v. Clark*, 2016 WL 6395894, at *1 (S.D. Ind. Oct. 27, 2016). As Judge Pratt explained in that case, "Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court." *Id.,* citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made " 'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction"). 2016 WL 6395894, at *1

Similarly, Judge Magnus-Stinson has written of the importance of getting it right before seeking to invoke this Court's jurisdiction:

> It is the obligation of the party seeking to invoke the Court's jurisdiction to conduct a reasonable inquiry into the relevant jurisdictional facts prior to asserting that the Court has jurisdiction. *Johnson v. Nat'l Asset Advisors*, LLC, 772 F. App'x 328, 329 (7th Cir. 2019) ("[Plaintiffs] should not have sued in federal court before identifying the defendants' citizenship."); *Bovinett v. HomeAdvisor, Inc.,* 2020 WL 1330407, at *5 (N.D. Ill. 2020) ("There is no excuse for failing to investigate the relevant jurisdictional facts prior to filing the Complaint or for the continuing failure to investigate those facts prior to filing the Amended Complaint.")
>
> The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court

must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015).

*O'Connor v. LVI Glob., LLC,* 2021 WL 8533773, at *2 (S.D. Ind. Oct. 18, 2021)

Defendants say in their Notice of Removal that they have made "inquiry" of Plaintiff's counsel on existence and citizenship of any other members of Plaintiff but the "information was not available." That is correct; the undersigned do not presently know the members or their citizenship, including whether any of the members are LLCs, partnerships, or even limited partnerships, requiring further drill-down chasing citizenship. Defense counsel did not seek discovery on these topics in the Indiana Commercial Court, and this Court lacks the power to order such a disclosure. *Regency Commercial Associates, LLC v. Action 49 Junction I, LLC*, 2017 WL 5287168 (S.D. Ind. Nov. 13, 2017) ("it is procedurally improper to Order Regency to provide a list of all its members and their citizenship").

In short, removal is defective for asserting on information and belief the citizenship of one member of the LLC that instituted the State-court action, and also because the Notice admits Defendants do not know the identity or citizenship of any other members of the LLC.

**B.    Spanish "S.L." Entities Appear To Be Similar To Member-Owned LLCs.**

*Second*, beyond the citizenship of Chip Ganassi Racing, LLC, the Notice of Removal does not accurately state the citizenship of defendant ALPA Racing, SL, a Spanish entity, which appears dependent – as in the U.S. for LLCs – dependent upon the members. Defendants tell this Court, "District courts in the Seventh Circuit treat an S.L. as a foreign corporation. *See, e.g.*, *YP Recovery Inc. v. Yellowparts Eur., SL*, 2016 WL 4549109, at *1 (N.D. Ill. Sept. 1, 2016)." But the *YP Recovery* order – which dismissed for lack of jurisdiction – has no analytical discussion of Spanish "S.L." entities. It simply recites the Complaint allegations: "Defendants YP Europe, YPSL, Yellow Rent SL ("Yellow Rent"), and Pintura Y Reparaciones Work SL ("Pintura SL") are Spanish companies with registered

3

offices in Valencia, Spain. (R.6, Compl. ¶¶ 5-8, 10), and repeats Plaintiff's assertion later in the order. The case was dismissed because the defense came forward in their dismissal motion that a defendant was a citizen of Spain. The court wrote, 'Defendant Drexler, meanwhile, is a United States citizen who—contrary to the Complaint's allegations—is domiciled in Spain. In other words, Drexler intends to "remain and reside in Spain indefinitely.' (R.38-1, Supp. Drexler Decl. ¶ 4)." The court then wrote, "Plaintiff, therefore, has improperly invoked federal jurisdiction under Section 1332(a)(1)." Thus, *YP Recovery* does *not* address or hold that Spanish S.L. entities are treated like U.S. "C" Corporations, looking only to the state of incorporation and principle place of business.

As for Defendants' assertion that "District courts in the Seventh Circuit treat an S.L. as a foreign corporation," beyond *YP Recovery* no other decisions in the Seventh Circuit have been located on this front. But in another district court decision the removing defendants treated S.L.s like LLCs. *See Ferrado U.S. LLC v. Westport Ins. Co.,* 2017 WL 11632819 (C.D. Cal. Sep. 29, 2017) ("The Notice of Removal alleges that '[b]ased on information publicly available, Defendants are informed and believe that Ferrado U.S. LLC is owned by ROSP Corruna SL, a corporate entity based in Spain. Defendants are informed and believe that ROSP Corruna SL is owned by individuals Sandra Ortega Mera (89%) and Marco Ortega Mera (11%), who are both citizens of Spain.'(Notice of Removal ¶ 8.)"[1]

No decision has been located directly addressing how an S.L. Spanish entity is to be treated for diversity purposes. Multiple secondary sources, however, indicate that these are Spanish Private Limited Companies like American LLCs, and that S.L stands for Sociedad Limitada. *See, e.g.,* https://www.accountinginspain.com/spanish-private-limited-company-sociedad-limitada/ ("The SL

---

[1] Related to the Notice of Removal assertions regarding Chip Ganassi Racing, LLC, the *Ferrado* decision echoes Seventh Circuit precedent: "Because all of Defendants' allegations concerning the citizenship of Plaintiffs is made on information and belief, those allegations are insufficient to invoke this Court's diversity jurisdiction." *Id.*

4

company in Spain, which stands for Sociedad Limitada, is a private limited company suited for most small and medium size business. It is basically a close company, intended for a small number of partners."); https://www.mariscal-abogados.com/company-formation-in-spain-sa-vs-sl/ "(Limited liability company and public limited liability company **-** The two main legal forms that the Spanish SPV may adopt is either a limited liability company ("sociedad limitiada" or "SL") or a public limited liability company ("sociedad anónima" or "SA")); https://www.stimmel-law.com/en/articles/sas-and-sls-international-business ("An SL is similar to the British "Ltd" or the American "LLC"); https://en.wikipedia.org/wiki/Private_limited_company ("A **private limited company** is any type of business entity in "private" ownership used in many jurisdictions, in contrast to a publicly listed company, with some differences from country to country. Examples include the *LLC* in the United States, *private company limited by shares* in the United Kingdom, *GmbH* in Germany and Austria, *société à responsabilité limitée* in France, and *sociedad de responsabilidad limitada* in the Spanish-speaking world." https://en.wikipedia.org/wiki/Private_limited_company#Spain ("In Spain, LLCs are called *Sociedad de responsabilidad limitada* (SRL), "company of limited responsibility", or *sociedad limitada* (SL), or "limited partnership"").

Notably, the undersigned had asked defense counsel last week for member information and citizenship status of the ALPA entity, and defense counsel did not provide it, stating only, "ALPA Racing, SL is a Spanish entity with all interests held by Spanish citizens." That, of course, was not enough information for Plaintiff to file in federal court if desired, nor for Defendants to remove.

**C. Conclusion**

To invoke this Article III Court's limited jurisdiction, the party seeking to do so must get it right. At every level, of course, subject-matter jurisdiction must be confirmed, including on appeal. As Judge Barker has written, "A defect in the removal procedure or a lack of subject matter jurisdiction requires remand of the action to state court. 28 U.S.C. § 1447(c). Furthermore, the removal statutes

5

must be strictly construed, with all doubts resolved in favor of remand." *Boone County Utilities, LLC v. Boone County Board of Commissioners*, 2003 WL 203158 (S.D. Ind. Jan. 28, 2003).

The federal forum was considered by the undersigned at the outset of this injunctive relief proceeding requiring expedited action, but Rule 11 could not be met for such a filing. That is still true today, as the defective Notice of Removal confirms. The improper filing of the Notice of Removal late on a Friday before the Commercial Court's Monday morning status conference has the immediate impact of delaying prosecution of this action and protection of Plaintiff's rights. In a routine damages case, perhaps time could be taken to sort out the issues of LLC members, and to also confirm whether a Spanish S.L. is, in fact, to be treated like an LLC for diversity purposes, and to then determine the citizenship of those members as well. But that is improper in this setting in which the defective removal has the immediate impact (as potentially intended) of stopping the State-court action without this Article III Court knowing if it actually has subject-matter jurisdiction.

Remand is required pursuant to 28 U.S.C. § 1447(c), which mandates that if it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded. That remand should issue immediately so that Plaintiff can resume prompt prosecution of its injunctive claims in a forum that has jurisdiction. Per Section 1447(c), Plaintiff's attorneys' fees as a result of the removal should be assessed against Defendants.

Dated: August 1, 2022

Respectfully submitted,
/s/ *John R. Maley*
John R. Maley
Dylan A. Pittman
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: 317-236-1313
Facsimile: 317-231-7433
Email: john.maley@btlaw.com
dpittman@btlaw.com

*Attorneys for Plaintiff Chip Ganassi Racing, LLC*