IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:22-cv-1514-RLY-DML |
| ALEX PALOU MONTALBO and ALPA RACING, SL, | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S WITHDRAWAL OF MOTION FOR REMAND [ECF15]; PLAINTIFF'S RESPONSE TO REMOVAL NOTICE'S ALLEGATIONS REGARDING DIVERSITY AND AMOUNT IN CONTROVERSY**

Plaintiff, Chip Ganassi Racing, LLC, after consultation with defense counsel, respectfully withdraws its Motion for Remand [ECF15] and provides the Local Rule 81-1 required response to diversity and amount in controversy allegations in Defendants' Notice of Removal. [ECF1]

The undersigned, based on supplemental information provided by defense counsel and new information acquired from Plaintiff, agrees that diversity of citizenship exists (although not for the reasons asserted in the Notice of Removal), and that the amount in controversy is satisfied. Responding to each relevant paragraph, Plaintiff states the following:

Removal Allegation 8.  Upon information and belief, Plaintiff is an Indiana domestic limited liability company, and at least one of its members, Chip Ganassi, is domiciled in Pennsylvania. Plaintiff is therefore a citizen of the State of Pennsylvania.

Plaintiff Response:  Admitted in part; denied in part.  Plaintiff is an Indiana domestic limited liability company.  Chip Ganassi is not one of its members.  Plaintiff is not a citizen of Pennsylvania. The sole member of Plaintiff is Chip Ganassi Racing Teams, Inc., which has its principal place of

business in Indiana and is incorporated in Michigan. For purposes of 28 U.S.C. 1332(c) and binding precedent, Plaintiff is thus a citizen of Indiana and Michigan.

Removal Allegation 9. Alex Palou is a citizen of Spain because he is permanently domiciled there. His residence in Indiana is temporary and held pursuant to a non-permanent work visa.

Plaintiff Response: Admitted.

Removal Allegation 10. ALPA Racing SL is a Spanish company incorporated in, registered in, and "located in Barcelona, Spain" (Ex. 2 ¶ 6), with its principal place of business in Barcelona, Spain, and its only physical addresses are found in Barcelona, Spain. See Ex. 4. It is a citizen of Spain, whether treated as a limited liability company or a corporation. An "S.L." or sociedad limitada is one of two corporate forms recognized under Spanish law. District courts in the Seventh Circuit treat an S.L. as a foreign corporation. *See, e.g., YP Recovery Inc. v. Yellowparts Eur., SL*, 2016 WL 4549109, at *1 (N.D. Ill. Sept. 1, 2016). Pursuant to 28 U.S.C. § 1332(c), a foreign corporation's citizenship is determined by its place of incorporation and its principal place of business. *See Rouhi v. Harza Eng'g Co.*, 785 F. Supp. 1290, 1295 (N.D. Ill. 1992) (holding that 28. U.S.C. § 1332(c) applies equally to domestic and foreign corporate entities).

Plaintiff Response: Admitted in part; denied in part. Plaintiff admits that ALPA Racing SL is a Spanish company incorporated in and registered in Spain. Plaintiff denies that this "S.L." entity is treated as a corporation under 28 U.S.C. 1332(c), and as such its place of incorporation and business is irrelevant. Instead, as set forth in the Motion to Remand, the entity it is treated like an LLC for diversity jurisdiction purposes. Based on supplemental information from defense counsel, the three members of the entity are Alex Palou Montalbo, Ramon Palou del Rio, and Sandra Montalbo Martinez, all of whom are residents of Spain.

Removal Allegation 11. The amount in controversy here exceeds the jurisdictional threshold of $75,000.

Plaintiff Response:  Admitted.

Removal Allegation 13.  Plaintiff brings, among other claims, clams for breach of contract and seeks as remedies injunctive relief and specific performance, seeking to force Alex Palou to drive for Chip Ganassi Racing, LLC in the 2023 IndyCar Season. Here, at a minimum, the contracts that Plaintiff purport to seek to enforce are worth in excess of the jurisdictional threshold of $75,000. Further, the amount at stake for Plaintiff is at least the value of Alex Palou's driving efforts in 2023 and Defendants' pecuniary stake in complying with Plaintiff's requested relief is, at least, the difference in value between Alex Palou's potential contract payments from Ganassi for 2023 and potential contract payments earned by racing for a different racing team for the 2023 season and beyond. These amounts exceed $75,000. Thus, the "pecuniary result" for either party stemming from Plaintiff's action exceeds $75,000. *See America's Moneyline, Inc. v. Coleman*, 360 F.3d 782, 787 (7th Cir. 2004); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799–800 (7th Cir. 2003) ("And, at least in this circuit, the object may be valued from either perspective—what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand").

Plaintiff Response:  Admitted as to value of the rights and interest being protected by Plaintiff in seeking Defendants' compliance with their bargained-for contracts.  Without information as to "potential contract payments earned by racing for different racing team for the 2023 season and beyond."

Removal Allegation 14.  Additionally, Defendants currently anticipate asserting non-contractual counterclaims, including at least for defamation. The damages Defendants will seek on these counterclaims will exceed $75,000.

Plaintiff Response:  This is an improper assertion in a notice of removal.  "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good

faith.'" *Engron v. Homecoming Fin.*, 2007 WL 171981, at *1 (S.D. Ind. Jan. 17, 2007), quoting *Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 353 (1961).  Alleged damages from unpleaded claims cannot be used in determining the amount in controversy. *See, e.g., Boutell v. W.H.B. Co.,* 2012 WL 1079585, at *3 (E.D. Mich. Mar. 30, 2012).  Moreover, there is no Rule 11 basis for such a counterclaim in this Court, either on the merits or procedurally in this forum.

## CONCLUSION

Although not on the bases asserted by Defendants in their Notice of Removal, diversity of citizenship exists.  Further, the minimum amount in controversy is required.  This Court has subject-matter jurisdiction.  Plaintiff looks forward to proceeding accordingly.

Dated:   August 3, 2022

Respectfully submitted,

  */s/ John R. Maley*
John R. Maley
Dylan A. Pittman
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:    317-236-1313
john.maley@btlaw.com
dpittman@btlaw.com

James H. Voyles
Voyles Vaiana Lukemeyer Baldwin &
 Webb
One Indiana Square
211 N. Pennsylvania Street
Suite #2400
Indianapolis, Indiana 46204
Telephone: (317) 632-4463
jvoyles@voyleslegal.com

*Attorneys for Plaintiff*
*Chip Ganassi Racing, LLC*

4