UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHIP GANASSI RACING,<br><br>           Plaintiff,<br><br>    v.<br><br>ALEX PALOU MONTALBO and ALPA RACING, SL,<br><br>           Defendants. | Case No. 1:22-cv-01514-RLY-DML |

**DEFENDANTS' CONSOLIDATED RESPONSE TO
PLAINTIFF'S MOTIONS FOR EXPEDITION**

Defendants, Alex Palou Montalbo and ALPA Racing, SL, by counsel, hereby respond to Plaintiff's: (1) *Request For Prompt Hearing On Preliminary Injunction* (Dkt. 12); (2) *Motion For Expedited Discovery* (Dkt. 13); and (3) *Motion For Prompt Status & Scheduling Conference* (Dkt. 14).  As explained below, Plaintiff's expressed need for urgency is in direct contrast with Plaintiff's several-month delay in filing this matter, Plaintiff's actions since filing this matter, and Plaintiff's own pleadings indicating that this matter involves the *2023* IndyCar season.  Further, while Defendants do not oppose an expedited schedule, Defendants have counter-proposed to Plaintiff a schedule that will allow for the necessary discovery, avoid distracting Mr. Palou in the midst of the current racing season, and still provide for a prompt hearing well in advance of 2023.

As a preliminary scheduling matter, Defendants note that the parties have an all-day mediation scheduled for August 10, 2022.  Late last week, Plaintiff requested that the mediation be moved from a Zoom format to an in-person mediation.  Defendants will accommodate this request, but as a result, counsel will be flying to Indianapolis on August 9.  Counsel are currently scheduled to land shortly before the parties' August 9, 2022 Court conference.  In light of the

current uncertainty and delays surrounding air travel, Defendants respectfully request to delay this conference until later in the afternoon of August 9 (which Plaintiff does not oppose) or until August 11 or some other day following the mediation (which Plaintiff opposes), if the Court is available.

More substantively, while Defendants do not oppose expedition generally, there is no need for the extreme expediency that Plaintiff requests, and Defendants oppose the timeline requested by Plaintiff.  The parties have met and conferred several times, and Plaintiff has yet to provide any substantive explanation for its request for such extreme expedition.  Further, the facts here do not support Plaintiff's request.

- Plaintiff has known since at least June 15, 2022 that Mr. Palou wished to race for another team that would provide him the ability to pursue a Formula 1 opportunity (and the return to Europe that would accompany such opportunity) after the 2022 IndyCar Season, and the parties discussed the possibility of Plaintiff reverting with a revised contract proposal that would include an exit clause for same.

- On July 7, 2022, having not received any revised proposal or other communication from Plaintiff on the matter, Mr. Palou informed Plaintiff in writing that, having further considered the matter in the interim, he did not intend to drive for Plaintiff after the 2022 IndyCar season.  Mr. Palou further informed Plaintiff that he was providing early notice of his decision in order to allow Plaintiff time to find a replacement driver for 2023.

- On July 12, 2022, one day after Plaintiff purported to exercise an option to force Mr. Palou to drive for Plaintiff for the 2023 IndyCar season, Defendants' counsel wrote to Plaintiff reiterating Mr. Palou's intent not to drive for Plaintiff.  *See* Dkt. 7 (Complaint), Ex. 6.  Defendants' counsel further informed Plaintiff that Defendants did not approve any press release suggesting otherwise, or any proposed quote from Mr. Palou regarding the matter.  *Id.*

- In violation of Mr. Palou's contractual and common law rights, after receiving counsel's letter, Plaintiff nonetheless released a public statement which included the quote attributed to Mr. Palou that Plaintiff wrote and which Defendants had expressly informed Plaintiff was not authorized.

- Plaintiff then waited two more weeks, until July 25, 2022 to file this action.

- Plaintiff's papers note that Defendants filed to remove on Friday, July 29, 2022, apparently in support of Plaintiff's request for expedition, *see* Dkt. 14.  However, Defendants first informed Plaintiff that removal was appropriate less than 48 hours after first receiving courtesy copies of Plaintiff's filings, and the parties were in

contact throughout the week regarding Defendants' intent to remove, the basis for removal, and the timeline for removal, which was based on the parties' ongoing discussion and Plaintiff's need to consider its position. Plaintiff then chose to oppose removal the following Monday and then withdrew such opposition two days later, on August 3—Plaintiff's (now-reversed) position opposing removal thus created an additional week's delay.

In addition, Plaintiff's own pleadings note that this is a case about Mr. Palou's obligations in *2023*. *See, e.g.*, Dkt. 7 (Complaint) ¶ 53 (describing the dispute as about whether or not Mr. Palou's "failure to drive for or otherwise render [] services to Ganassi *in 2023*" breaches certain terms of the parties' agreements); *id*. § VIII(1)(a-f, h-j) (requests for relief through end of 2023). There is no dispute that Mr. Palou intends to finish the 2022 season with Plaintiff, and thus no need to resolve Plaintiff's preliminary injunction motion before the 2022 season concludes.

Defendants have also informed Plaintiff that they believe the expedited schedule attached hereto as ***Exhibit 1*** makes more sense for several reasons.

- Defendants intend to file counterclaims and affirmative defenses, which will impact any preliminary injunction hearing.

- Defendants intend to move to dismiss certain of the requested injunctive relief.

- Defendants intend to depose at least four of Plaintiff's principals or employees who have knowledge relevant to the requested preliminary relief, and to serve written discovery following the parties' 26(f) conference, which has not yet occurred.

- Defendants also anticipate expert testimony will be necessary for the preliminary injunction hearing.

Perhaps most importantly, this lawsuit, and the discovery process, could become a large distraction for Mr. Palou, who is in the midst of the IndyCar season. Given the inherent and very real dangers of race-car driving, as well as the well-recognized effects of distracted driving, Defendants believe that their proposed expedited schedule, which begins after the season's last

race on September 11, 2022, is preferable.[1]  Since Mr. Palou is presently driving for Plaintiff, preserving his ability to focus on the task at hand is in the best interests of both parties.  Indeed, Mr. Palou is currently in the top five of the points standings, and achieved a podium finish in his most recent race notwithstanding that he was driving a damaged car.  Defendants' proposed schedule provides for an expedited hearing well in advance of 2023, while still allowing time for the parties to proceed orderly through the necessary steps.

## CONCLUSION

Put plainly, there is no need for the extreme expedition Plaintiff requests, and Plaintiff's repeated delays in responding to Mr. Palou and in filing suit undermine its position: as just one example, the delay between Plaintiff receiving Mr. Palou's written notice and filing suit is longer than the schedule Plaintiff now proposes.  In light of all of the forgoing, and to allow the parties to focus on the upcoming mediation, Defendants' respectfully request the Court: (1) reschedule the August 9, 2022 conference for a later time or date; and (2) adopt Defendants' proposed schedule.

---

[1]  Defendants have indicated to Plaintiff that they would be willing to discuss a schedule in which certain purely legal issues—such as Defendants' motion to dismiss—could move forward between now and mid-SeptemIber, as such issues are far less intrusive and distracting than discovery or a hearing.

Respectfully submitted,

/s/ *Andrew W. Hull*
Andrew W. Hull (11218-49)
Riley H. Floyd (34014-29)
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Phone: (317) 822-4400
Fax: (317) 822-0234
Email: awhull@hooverhullturner.com
          rfloyd@hooverhullturner.com

Rachel E. Epstein
Donald J. Reinhard, II
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Phone: (212) 849-7000
Fax: (212) 849-7100
Email: rachelepstein@quinnemanuel.com
          donaldreinhard@quinnemanuel.com

*Attorneys for Defendants Alex Palou Montalbo and ALPA Racing, SL*