**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CHIP GANASSI RACING, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALEX PALOU MONTALBO and )<br>ALPA RACING, SL, )<br>)<br>Defendants. ) | Case No. 1:22-cv-1514-RLY-DML |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY,**
**and**
**REQUEST FOR PROMPT HEARING ON PRELIMINARY INJUNCTION**

In reply to Defendants' Response [ECF29] to Plaintiff's Request for Prompt Hearing on Motion for Preliminary Injunction [ECF12] and Motion for Expedited Discovery [ECF13], Plaintiff reiterates its requests for this injunctive relief case to proceed expeditiously. Contrary to the defense advocacy, time is of the essence as Defendants continue in breach of critical contracts with Plaintiff and irreparable harm continues daily. Further, Plaintiff has from the outset moved promptly to address these breaches, with Defendants continually delaying.

**A. Factual and Procedural Overview**

    **1. The Breaches**

A detailed history is set forth in Plaintiff's 27-page, 90-paragraph Verified Complaint for Injunctive Relief, with seven accompanying exhibits. [ECF1-2] That Complaint is under seal due to confidentiality provisions in the parties' agreements. But what is not confidential is that on July 12, Chip Ganassi Racing ("Team") announced that Alex Palou Montalbo ("Driver") would continue racing for the Team through 2023. The Team had informed the Driver of this previously, and of the impending draft release; Driver did not object. But then shortly after the Team's release, a competing

racing organization announced that Driver would join them in 2023. Counsel for Driver followed this with a letter indicating Driver "does not intend to drive for Ganassi after 2022." The Team's in-house counsel promptly responded of the Team's intention to abide by the parties' agreements for their full term, and expected Driver to do the same.

**2. Team's Prompt Initiation of Litigation**

Driver refused to confirm that he would comply with the parties' contracts, and Team retained the undersigned counsel who promptly conducted requisite analysis and drafting, and promptly filed this action in the Indiana Commercial Court on July 25. Team's counsel provided courtesy copies of the filings to defense counsel the same day, along with correspondence requesting 13 enumerated items of factual information and documents from Driver. Now three weeks later, defense counsel have provided none of the requested documents or information.

On July 26, the Team filed motions in the Commercial Court requesting a preliminary injunction, expedited discovery, and a prompt hearing. Those filings – along with limited discovery requests and a deposition notice to depose Driver - were provided to defense counsel that day. The Commercial Court scheduled a prompt status conference for Monday, August 1, and the Commercial Court's staff was coordinating a possible hearing date for the week of August 22.

**3. Defense Delays/Team's Continued Efforts to Expedite**

Despite warning from Team's counsel on July 28 that there was insufficient information on citizenship of the parties for the dispute to be lodged in federal court under Rule 11 standards, and after having agreed with the Commercial Court's staff to set a Zoom conference call with Judge Welch for 10:00 a.m. on Monday, August 1, late on Friday, July 29, Defendants filed a Notice of Removal, causing the Indiana Commercial Court case to be stayed by law  As required by Local Rules, Team promptly renewed its motions for preliminary injunction, expedited discovery, and prompt hearing in this Court, all filed on Sunday, July 31. On Monday, August 1, Team filed its Motion for Remand for

Defective Removal Notice. On August 2, Team's counsel had a conference with defense counsel, wherein Team proposed that Driver's brief deposition be scheduled for Monday, August 15, and that narrow production (limited to redacted competing agreements and communications/negotiations among Defendants and the competing team) be produced by Saturday, August 13.

Defense counsel indicated they would consider and be back to Team's counsel on the proposed schedule. Meanwhile to keep the litigation moving expeditiously, Team's counsel worked with defense counsel to obtain the required citizenship information and, on August 3, filed its response to the diversity allegations from removal.[1]

Having not heard anything in response to the proposed schedule, on August 5 Team's counsel reiterated that proposal by email, also offering up August 16, 17, 18, or 19 for the brief deposition of Driver. Defense counsel indicated they were working on a counterproposal. That was received on August 6, wherein defense counsel proposed deferring any discovery until September 19 with a preliminary injunction hearing not until the week of October 31. Such delay is unacceptable to the Team, and contrary to Rule 1 and Rule 65.

**4. The Matter Needs To Be Expedited**

Contrary to the defense position, this matter *does* need to be expedited. The Team took a deliberate path, common in this Court, of limited, narrow expedited discovery (here the competing agreement(s) and communications regarding that), and a brief deposition (two hours maximum was Team's suggestion). The Team is being harmed daily by the initial and continuing breaches. Driver is under contract with Team through 2023, yet has entered into competing agreement(s) with a competing team. This impacts the Team presently as drivers are not the only component of fielding

---

[1] Defendants accuse the Team of creating delay by opposing removal, but as the Court is well aware the parties cannot confer subject-matter jurisdiction. The Notice of Removal was plainly defective, and the Team was seeking to expedite this action by either getting Defendants to provide the required members and citizenship or, if diversity did not exist, get the case promptly back to the Commercial Court.

a racecar; indeed there are multiple team members/employees, sponsors, and other coordination that are at the forefront *now*. Defendants' breaches and continuing failure to self-correct those breaches impair the Team now as it finishes this season and plans for the next.[2]

As for the defense desired discovery and other procedural items noted from their opposition, none of that will slow down the preliminary injunction (and the Court, of course, will determine whether – for instance – four depositions of Plaintiff's principals are required for the preliminary injunction).

Finally, the Driver has been performing well despite his breaches of contract and resultant issues he has created for himself, and he has been responding to multiple media questioning regularly. A brief deposition poses no risk.

**B.  Conclusion**

Accordingly, the Court should grant expedited discovery, narrowly tailored as suggested by the Team from the outset, such that a brief preliminary injunction hearing or argument can be held before the end of this month.

Respectfully submitted by counsel for Plaintiff Chip Ganassi Racing, LLC.

| | |
|---|---|
| */s/ John R. Maley* | */s/ James H. Voyles, Jr.* |
| John R. Maley (#14300-89) | James H. Voyles, Jr. (#631-49) |
| Dylan A. Pittman (#32722-49) | VOYLES VAIANA LUKEMEYER BALDWIN & WEBB |
| BARNES & THORNBURG LLP | One Indiana Square |
| 11 South Meridian Street | 211 North Pennsylvania Street, Suite 2400 |
| Indianapolis, Indiana  46204 | Indianapolis, Indiana  46204 |
| Telephone:   317-236-1313 | Telephone:   317-632-4463 |
| Fax:              317-231-7433 | Fax:              317-631-1199 |
| Email:           jmaley@btlaw.com | Email:           jvoyles@voyleslegal.com |
|                     dpittman@btlaw.com | |

---

[2] More information on the contracts, breaches, and harm is contained in the Verified Complaint.