IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:22-cv-1514-RLY-DML |
| ALEX PALOU MONTALBO and ALPA RACING, SL, | ) |
| Defendants. | ) |

**RESPONSE BRIEF AUTHORIZING UNSEALING OF CERTAIN MATERIAL AND OTHERWISE SUPPORTING DEFENDANTS' MOTION TO SEAL**

In response to Defendants' Motion (ECF8) to Maintain Documents under Seal, the deadline for responding which has not been set (ECF33), Plaintiff Chip Ganassi Racing, LLC, respectfully submits this brief, which (1) authorizes unsealing of certain material; and (2) otherwise supports, and shows the required good cause required for, Defendants' Motion to maintain the balance under seal. As Defendants' Motion notes, Plaintiff initially filed in Indiana state court the Complaint and other original state-court filings, under seal pursuant to Indiana's Rule on Access to Court Records. On July 29, 2022, Defendants removed the state court case to this federal District Court. Contemporaneously with Defendants' removal filings, they tendered the State Court Record (ECF6) and the Operative Complaint (ECF7) together with a Motion to Maintain Documents under Seal (ECF8). Defense counsel has subsequently indicated that the defense takes no position on continued sealing of the materials currently filed under seal.

**Background and Reasons Supporting Motion and Continued Sealing**

The narrative of Plaintiff's Verified Complaint (which is within both ECF6 and ECF7), as well as the Complaint's Exhibits 1 and 2 (also within ECF6 and ECF7) contain confidential, sensitive business information that is deemed confidential by the parties' contractual agreements

(which are the Complaint's Exhibits 1 and 2). Plaintiff is filing publicly accessible versions of these documents (Complaint, Exhibits 1, 2, and Motion for Preliminary Injunction) that redact such confidential information, including compensation and other sensitive terms and conditions of the agreements and the parties' contractual relationship in the competitive industry of motorsports.[1]

Dissemination of Plaintiff's and Defendants' confidential business information concerning the parties' relationship and contractually confidential aspects of their agreements (including, but not limited to, compensation and other obligations) would create a significant risk of harm to Plaintiff as an IndyCar racing and motorsports organization, particularly as Plaintiff's competitors could use this information to their benefit and Plaintiff's detriment. Further, sealing unredacted copies of the Verified Complaint and Exhibits 1, 2 along with the original state court Motion for Preliminary Injunction would serve certain public policy purposes including protecting proprietary business information and minimizing the risk of injury through using the court system. Maintaining such documents under seal is in the best interests of all parties.

### Legal Argument

"Documents that affect the disposition of federal litigation are presumptively open to public view ... unless a statute, rule, or privilege justifies confidentiality." *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010). The "right of public access … enable[s] interested members of the public ... to know who [is] using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel v. Boley Int'l (H.K.),* 738 F.3d 831, 833 (7th Cir. 2013) (chambers opinion). Courts recognize limited matters subject to seal, including trade secrets and other confidential commercial information. *See United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712-14 (7th Cir. 2015); Fed. R. Civ. P. 26(c)(1)(G). If material may be subject to seal, then the court weighs

---

[1] Exhibits 1 and 2 to the Verified Complaint are within ECF6 at ECF pages 42-70 and within ECF7 at ECF pages 30-58. The Verified Complaint itself (without Exhibits) is within ECF6 at ECF pages 14-41 and within ECF7 at ECF pages 2-29. The Motion for Preliminary Injunction is within ECF6 at ECF pages 109-114.

two competing interests: "the moving party's interest in privacy and the public's interest in transparency." *Sanford-Brown*, 788 F.3d at 712.

A court may shield a document or portion thereof from the public only if there is good cause to do so. *See, e.g.*, *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009); *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). If "good cause is shown, parties may seal documents to protect their own interests or interests of third parties." *Ratajczak v. Beazley Sols. Ltd.*, 2013 WL 6817308, at *1 (E.D. Wis. Dec. 23, 2013) (citing, *inter alia, Bank of Am., N.A. v. First Mut. Bancorp of Ill.,* 2010 WL 2921845, at *1 (N.D. Ill. July 22, 2010)). Good cause includes that protected information contains financial and business information of the type not generally made available to the public. *Entm't USA, Inc. v. Moorehead Comm's Inc.*, 93 F. Supp. 3d 915, 935-36 (N.D. Ind. 2015) (citing *Baxter Int'l, Inc. v. Abbot Lab.,* 297 F.3d 544, 546 (7th Cir. 2002)).

**Further Discussion and Conclusion**

Plaintiff previously filed six documents under seal: the Verified Complaint; its Exhibits 1, 2, 3, and 6; and the Motion for Preliminary Injunction. All of these documents are within ECF6 ("State Court Record"); all except the Motion for Preliminary Injunction are within ECF7 ("Operative Complaint"). Exhibit 3 is hereby authorized to be unsealed. As for the remaining documents—the Verified Complaint, its Exhibits 1, 2, 6, and the Motion for Preliminary Injunction—Plaintiff is filing publicly accessible, redacted versions of the filings (ECF6 and ECF7) that contain such documents. The redactions protect confidential, sensitive business information concerning the parties' contractual agreements (Exhibits 1 and 2). This information includes compensation, among other confidential terms and conditions of the agreements and the parties' contractual relationship. Good cause exists to maintain the unredacted copies of those documents under seal; no less restrictive alternatives (aside from the redactions applied) afford adequate protection.

All counsel will have equal access to the unredacted versions of the Verified Complaint, its Exhibits 1 and 2, and Plaintiff's Motion for Preliminary Injunction. Maintaining such documents under seal prejudices no party. Furthermore, no harm to the public exists in connection with maintaining the documents under seal. Any harm which could conceivably be claimed to exist is outweighed by the interest in maintaining the documents' confidentiality consistent with the parties' contractual confidentiality agreement. Defense counsel has advised that Defendants take no position on what remains sealed.

Respectfully submitted by counsel for Plaintiff Chip Ganassi Racing, LLC.

| | |
|---|---|
| */s/ John R. Maley* | */s/ James H. Voyles, Jr.* |
| John R. Maley (#14300-89) | James H. Voyles, Jr. (#631-49) |
| Dylan A. Pittman (#32722-49) | VOYLES VAIANA LUKEMEYER BALDWIN & WEBB |
| BARNES & THORNBURG LLP | One Indiana Square |
| 11 South Meridian Street | 211 North Pennsylvania Street, Suite 2400 |
| Indianapolis, Indiana  46204 | Indianapolis, Indiana  46204 |
| Telephone:   317-236-1313 | Telephone:   317-632-4463 |
| Fax:   317-231-7433 | Fax:   317-631-1199 |
| Email:   jmaley@btlaw.com       dpittman@btlaw.com | Email:   jvoyles@voyleslegal.com |