# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

CHIP GANASSI RACING,

                Plaintiff,

        v.

ALEX PALOU MONTALBO and
ALPA RACING, SL,

              Defendants.

## REDACTED VERSION OF PREVIOUSLY FILED ECF 6

Case No: 1:22-cv-1514

## STATE COURT RECORD

### [FILED UNDER SEAL]

Respectfully submitted,

/s/ Andrew W. Hull
Andrew W. Hull, Atty. No. 11218-49
awhull@hooverhullturner.com
Riley H. Floyd, Atty. No. 34014-29
rfloyd@hooverhullturner.com
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN  46244-0989
Tel:  317-822-4400
Fax:  317-822-0234

Rachel E. Epstein*
rachelepstein@quinnemanuel.com*
Donald J. Reinhard, II*
donaldreinhard@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100

* Motion Requesting Pro Hac Vice Admission
to be filed

*Attorneys for Defendants, Alex Palou Montalbo
and ALPA Racing, SL*

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Chip Ganassi Racing, LLC v. Alex Palou Montalbo, ALPA Racing, SL

| | |
|---|---|
| Case Number | 49D01-2207-PL-024895 |
| Court | Marion Superior Court 1<br>Commercial Court (Provisional) |
| Type | PL - Civil Plenary |
| Filed | 07/25/2022 |
| Status | 07/25/2022 , Pending  (active) |

## Parties to the Case

Defendant   Montalbo, Alex Palou

<u>Attorney</u>
Riley Harrison Floyd
*#3401429, Lead, Retained*

111 Monument Circle Suite 4400
Indianapolis, IN 46244
317-822-4400(W)

<u>Attorney</u>
Andrew Woodbridge Hull
*#1121849, Retained*

Hoover Hull Turner LLP
111 Monument Circle, Suite 4400
P. O Box 44989
Indianapolis, IN 46244-0989
317-822-4400(W)

Defendant   ALPA Racing, SL

<u>Attorney</u>
Riley Harrison Floyd
*#3401429, Lead, Retained*

111 Monument Circle Suite 4400
Indianapolis, IN 46244
317-822-4400(W)

<u>Attorney</u>
Andrew Woodbridge Hull
*#1121849, Retained*

Hoover Hull Turner LLP
111 Monument Circle, Suite 4400
P. O Box 44989
Indianapolis, IN 46244-0989
317-822-4400(W)

Plaintiff     Chip Ganassi Racing, LLC

<u>Address</u>
c/o John R. Maley, Esq.
11 S. Meridian Street
Indianapolis, IN 46204

<u>Attorney</u>
John R Maley
*#1430089, Lead, Retained*

11 South Meridian Street
Indianapolis, IN 46204-0000
317-236-1313(W)

<u>Attorney</u>
Mark Russell Owens
*#2619549, Retained*

11 South Meridian Street
Indianapolis, IN 46204
317-236-1313(W)

<u>Attorney</u>
Dylan Alexander Pittman
*#3272249, Retained*

BARNES & THORNBURG LLP
11 SOUTH MERIDIAN STREET
Indianapolis, IN 46204
317-236-1313(W)

## Chronological Case Summary

| 07/25/2022 | **Case Opened as a New Filing** |

| 07/26/2022 | **Appearance Filed** |

Appearance of John R. Maley

| For Party: | Chip Ganassi Racing, LLC |
| File Stamp: | 07/25/2022 |

| 07/26/2022 | **Appearance Filed** |

Appearance of James Voyles, Jr.

| For Party: | Chip Ganassi Racing, LLC |
| File Stamp: | 07/25/2022 |

| 07/26/2022 | **Commercial Court Identifying Notice** |

Commercial Court Notice

| Filed By: | Chip Ganassi Racing, LLC |
| File Stamp: | 07/25/2022 |

| | | |
|---|---|---|
| 07/26/2022 | **Complaint/Equivalent Pleading Filed** | |
| | Plaintiff's Verified Complaint Filed Under Seal - Not for Pu | |
| | Exhibit 1 to Plaintiff's Complaint - Not for Public Access | |
| | Exhibit 2 to Plaintiff's Complaint - Not for Public Access | |
| | Exhibit 3 to Plaintiff's Complaint - Not for Public Access | |
| | Exhibit 4 to Plaintiff's Complaint - Public | |
| | Exhibit 5 to Plaintiff's Complaint - Public | |
| | Exhibit 6 to Plaintiff's Complaint - Not for Public Access | |
| | Exhibit 7 to Plaintiff's Complaint - Public | |
| | Motion to Seal Verified Complaint and Exhibits 1-3 and 6 | |
| | Motion to Seal Verified Complaint and Exhibits 1-3 and 6 | |
| | Filed By: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/25/2022 |

| | | |
|---|---|---|
| 07/26/2022 | **Notice of Exclusion of Confidential Information** | |
| | Notice of Exclusion of Confidential Information | |
| | Filed By: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/25/2022 |

| | | |
|---|---|---|
| 07/26/2022 | **Appearance Filed** | |
| | Appearance of Dylan Pittman | |
| | For Party: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/26/2022 |

| | | |
|---|---|---|
| 07/26/2022 | **Appearance Filed** | |
| | Appearance of Mark Owens | |
| | For Party: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/26/2022 |

| | | |
|---|---|---|
| 07/26/2022 | **Certificate of Issuance of Summons** | |
| | Certficate of Service of July 25, 2022 Case Filings | |
| | Filed By: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/26/2022 |

| | | |
|---|---|---|
| 07/26/2022 | **Motion to Seal Public Records Filed** | |
| | Exhibit A - Plaintiff's Motion for Preliminary Injunction - | |
| | Plaintiff's Motion to Maintain Under Seal Plaintiff's Motion | |
| | Plaintiff's Motion to Maintain Under Seal Plaintiff's Motion for Preliminary Injunction | |
| | Filed By: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/26/2022 |

| | | |
|---|---|---|
| 07/26/2022 | **Notice of Exclusion of Confidential Information** | |
| | Notice of Exclusion of Confidential Information | |
| | Filed By: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/26/2022 |

| 07/26/2022 | **Motion for Hearing Filed** | |
|---|---|---|
| | Request for Prompt Hearing | |
| | Filed By: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/26/2022 |

| 07/26/2022 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons to Alex Palou Montalbo in Carmel Indiana | |
| | Filed By: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/26/2022 |

| 07/26/2022 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons to Alex Palou Montalbo in Barcelona | |
| | Filed By: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/26/2022 |

| 07/26/2022 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons to ALPA Racing, SL in Barcelona | |
| | Filed By: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/26/2022 |

| 07/26/2022 | **Motion Filed** | |
|---|---|---|
| | Motion for Expedited Discovery | |
| | Filed By: | Chip Ganassi Racing, LLC |
| | File Stamp: | 07/26/2022 |

| 07/27/2022 | **Hearing Scheduling Activity** | |
|---|---|---|
| | Attorney Conference scheduled for 08/01/2022 at 10:00 AM. | |

| 07/27/2022 | **Appearance Filed** | |
|---|---|---|
| | Appearance | |
| | For Party: | Montalbo, Alex Palou |
| | For Party: | ALPA Racing, SL |
| | File Stamp: | 07/27/2022 |

| 07/28/2022 | **Automated ENotice Issued to Parties** | |
|---|---|---|
| | Hearing Scheduling Activity ---- 7/27/2022 : Andrew Woodbridge Hull;Dylan Alexander Pittman;John R Maley;Mark Russell Owens;Riley Harrison Floyd | |

| 07/29/2022 | **Hearing Scheduling Activity** | |
|---|---|---|
| | Hearing scheduled for 10/03/2022 at 11:30 AM. | |

| 07/29/2022 | **Hearing Scheduling Activity** | |
|---|---|---|
| | Hearing scheduled for 10/03/2022 at 11:30 AM. | |

| 07/29/2022 | **Hearing Scheduling Activity** | |
|---|---|---|
| | Hearing scheduled for 10/03/2022 at 11:30 AM was cancelled. Reason: Hearing Not Canceled - Duplicate Entry. | |

| 07/29/2022 | **Order Granting** | |
|---|---|---|
| | ORDER GRANTING PLAINTIFFS VERIFIED MOTION TO MAINTAIN UNDER SEAL PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION | |
| | Judicial Officer: | Welch, Heather A |
| | Order Signed: | 07/29/2022 |

| 07/29/2022 | **Order Granting** |
|---|---|
| | ORDER GRANTING PLAINTIFF'S VERFIED MOTION TO MAINTAIN UNDER SEAL VERIFIED COMPLAINT AND SUPPORTING EXHIBITS 1,2,3 AND 6 |
| | Judicial Officer: Welch, Heather A |
| | Order Signed: 07/29/2022 |

| 08/01/2022 | **Attorney Conference** |
|---|---|
| | Session: |
| | 08/01/2022 10:00 AM, Judicial Officer: Welch, Heather A |
| | Comment: Via Zoom |

| 10/03/2022 | **Hearing** |
|---|---|
| | Session: |
| | 10/03/2022 11:30 AM, Judicial Officer: Welch, Heather A |
| | Comment: Public access |

| 10/03/2022 | CANCELED **Hearing** |
|---|---|
| | Reason: Hearing Not Canceled - Duplicate Entry |
| | Session: |
| | 10/03/2022 11:30 AM, Cancelled |
| | Comment: Public Access |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Chip Ganassi Racing, LLC**

Plaintiff

**Balance Due** (as of 07/29/2022)

0.00

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 07/26/2022 | Transaction Assessment | 157.00 |
| 07/26/2022 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO. 49D01-2207-PL-_____ |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating **X**                Responding _____              Intervening _____ ; and
   the undersigned attorney and all attorneys listed on this form now appear in this case  for the following parties:

   Name of party:  **Plaintiff, Chip Ganassi Racing, LLC**

   Address of party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order),*

   Telephone # of party:  **Chip Ganassi Racing, LLC may be contacted through the undersigned counsel.**

   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   | | | | |
   |---|---|---|---|
   | Name: | John R. Maley | Atty Number: | 14300-89 |
   | Address: | Barnes & Thornburg LLP | Phone: | (317) 236-1313 |
   | | 11 South Meridian Street | Fax: | (317) 231-7433 |
   | | Indianapolis, Indiana 46204 | Email: | john.maley@btlaw.com |

   **IMPORTANT**:  Each attorney specified on this appearance:
   (a)     certifies that the contact information listed for him/her on the Indiana Supreme
           Court Roll of Attorneys is current and accurate as of the date of this Appearance;
   (b)     **acknowledges that all orders, opinions, and notices from the court in this**

**APPEARANCE BY ATTORNEY (CIVIL CASE) – Continuation Page**

**matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a **PL** case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes __ No **X** __ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on light green paper. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes _____ No **X** __ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

_____ Attorney's address
_____ The Attorney General Confidentiality program address
(contact the Attorney General at 1-800-321-1907
or e-mail address is confidential@atg.state.in.us).
_____ Another address (provide)

_____

6. This case involves a petition for involuntary commitment. Yes _____ No **X**

7. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

b. State of Residence of person subject to petition: _____

c. At least one of the following pieces of identifying information:
   (i) Date of Birth _____
   (ii) Driver's License Number _____
   State where issued _____ Expiration date _____
   (iii) State ID number _____
   State where issued _____ Expiration date _____
   (iv) FBI number _____
   (v) Indiana Department of Corrections Number _____
   (vi) Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

**APPEARANCE BY ATTORNEY (CIVIL CASE) – Continuation Page**

8.  There are related cases: Yes _____          No __**X**__ *(If yes, list on continuation page.)*

9.  Additional information required by local rule: _____N/A_____

10. There are other party members: Yes _____ No __**X**__ *(If yes, list on continuation page.)*

11. This form has been served on all counsel of record and Certificate of Service is attached:
    Yes __**X**__ No ____

July 25, 2022

                                        Respectfully submitted,

                                        ____/s/ John R. Maley_____
                                        John R. Maley (#14300-89)
                                        BARNES & THORNBURG LLP
                                        11 South Meridian Street
                                        Indianapolis, Indiana  46204
                                        Telephone:      317-236-1313
                                        Facsimile:      317-231-7433
                                        Email:          john.maley@btlaw.com

                                        *Attorney for Plaintiff*
                                        *Chip Ganassi Racing, LLC*

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO. 49D01-2207-PL-_____ |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1.  The party on whose behalf this form is being filed is:
    Initiating **X**            Responding _____            Intervening _____ ; and
    the undersigned attorney and all attorneys listed on this form now appear in this case for the
    following parties:

    Name of party:  **Plaintiff, Chip Ganassi Racing, LLC**

    Address of party *(see Question # 5 below if this case involves a protection from abuse order, a workplace
    violence restraining order, or a no-contact order),*

    Telephone # of party:   **Chip Ganassi Racing, LLC may be contacted through the
    undersigned counsel.**

    *(List on a continuation page additional parties this attorney represents in this case.)*

2.  Attorney information for service as required by Trial Rule 5(B)(2)

    | | | | |
    |---|---|---|---|
    | Name: | James H. Voyles, Jr. | Atty Number: | 631-49 |
    | Address: | Voyles Valina Lukemeyer Baldwin & Webb | Phone: | (317) 632-4463 |
    | | 211 N. Pennsylvania St., Ste. 2400 | Fax: | (317) 631-1199 |
    | | Indianapolis, Indiana 46204 | Email: | jvoyles@voyleslegal.com |

    **IMPORTANT**:  Each attorney specified on this appearance:
    (a)      certifies that the contact information listed for him/her on the Indiana Supreme
             Court Roll of Attorneys is current and accurate as of the date of this Appearance;
    (b)      **acknowledges that all orders, opinions, and notices from the court in this**

**APPEARANCE BY ATTORNEY (CIVIL CASE) – Continuation Page**

matter that are served under Trial Rule 86(G) **will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)     understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.  This is a **PL** case type as defined in administrative Rule 8(B)(3).

4.  This case involves child support issues. Yes __ No **X** __ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on light green paper. Use Form TCM-TR3.1-4.)*

5.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes _____ No **X** __ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

        _____     Attorney's address
        _____     The Attorney General Confidentiality program address
                      (contact the Attorney General at 1-800-321-1907
                      or e-mail address is confidential@atg.state.in.us).
        _____     Another address (provide)

_____

6.  This case involves a petition for involuntary commitment. Yes _____ No **X**

7.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

b.  State of Residence of person subject to petition: _____

c.  At least one of the following pieces of identifying information:
    (i)   Date of Birth _____
    (ii)  Driver's License Number _____
          State where issued _____ Expiration date _____
    (iii) State ID number _____
          State where issued _____ Expiration date _____
    (iv)  FBI number _____
    (v)   Indiana Department of Corrections Number _____
    (vi)  Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

**APPEARANCE BY ATTORNEY (CIVIL CASE) – Continuation Page**

8.  There are related cases: Yes _____    No __**X**__ *(If yes, list on continuation page.)*

9.  Additional information required by local rule: _____N/A_____

10. There are other party members: Yes _____ No __**X**__ *(If yes, list on continuation page.)*

11. This form has been served on all counsel of record and Certificate of Service is attached:
    Yes __**X**__ No ____

July 25, 2022

        Respectfully submitted,

        ___/s/ *James H. Voyles, Jr.*_____
        James H. Voyles, Jr. (#631-49)
        VOYLES VIANA LUKEMEYER
        BALDWIN & WEBB
        211 N. Pennsylvania Street, Suite 2400
        Indianapolis, Indiana  46204
        Telephone: 317-632-4463
        Facsimile: 317-631-1199
        Email:  jvoyles@voyleslegal.com

        *Attorney for Plaintiff*
        *Chip Ganassi Racing, LLC*

## INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-_____ |

|  |  |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

# PLAINTIFF'S VERIFIED COMPLAINT

# Confidential Per Access to Court Records Rule 5 – Not for Public Access

# INDIANA COMMERCIAL COURT

| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
|---|---|---|
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-_____ |

| | | |
|---|---|---|
| CHIP GANASSI RACING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **NOT FOR PUBLIC ACCESS** |
| | ) | |
| v. | ) | |
| | ) | |
| ALEX PALOU MONTALBO, and | ) | |
| ALPA RACING, SL, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Chip Ganassi Racing, LLC ("Ganassi") for its Verified Complaint for Injunctive Relief against Alex Palou Montalbo ("Palou") and ALPA Racing, SL ("ALPA"), states as follows:

**I.  Jurisdiction and Venue**.

1.  This Court has subject-matter jurisdiction over this matter, and personal jurisdiction over Defendants.

2.  The Parties executed a Driver Agreement providing that ██████████████████ ███████████████████████████████████████████████████ ████████████████████████████████████." (*See* Driver Agreement [a true and accurate copy of which is attached as Exhibit 1], ¶ 19; *see also* Sponsorship Agreement [a true and accurate copy of which is attached as Exhibit 2], ¶ 5(D).)  The Driver Agreement further states that "[t]his … Agreement and any disputes arising hereunder shall be governed by and construed under the laws of the State of Indiana without reference to its principles of conflicts of laws." (Ex. 1, ¶ 25.)

1

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

3.      This action is eligible for assignment in the Commercial Court pursuant to Rules 2(C) and 2(E) of the Indiana Commercial Court Rules.  This action is appropriately before the Commercial Court.

## II.     Parties.

4.      Ganassi is an Indiana domestic limited liability company created in 2014, and has its principal office address in Marion County, Indiana.

5.      On information and belief, Palou has established a residence in the Indianapolis metropolitan area.

6.      On information and belief, ALPA is located in Barcelona, Spain.

## III.    Factual Background.

### A.  The dispute.

7.      This is a straightforward dispute involving a professional race-car driver's contractual and other obligations to provide services.  The driver, Alex Palou, and the entity holding exclusive rights to contract on his behalf, ALPA, signed a Driver Agreement and Sponsorship Agreement with Ganassi.  Among other things, Palou agreed to race and provide other services for Ganassi's IndyCar team from November 1, 2020, until December 31, 2022—or, if Ganassi provided written notice of extension—until December 31, **2023**.

8.      Ganassi provided such notice by letter dated July 11, 2022.  The Agreements are thus extended, as of July 11, through the end of 2023.  Yet within 48 hours after the extension notice, various sources such as lawyers for Palou and ALPA informed Ganassi that Palou intends not to honor the extension.  They did not—because they cannot—venture to explain how the contractual extension through 2023 was somehow invalid.  Instead, they claimed that Palou will leave Ganassi after the 2022 season and join another racing team, McLaren.  This is a clear repudiation and violation of the Agreements, inflicting irreparable harm on Ganassi.  Thus, to remedy and mitigate the irreparable injury to

2

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

Ganassi—from a prominent driver skipping an entire year of obligations and instead defecting to a competitor—Ganassi seeks preliminary and permanent injunctive relief as discussed in this Complaint.

**B. Before contracting with Ganassi, Palou had raced a single IndyCar season, placing 16th.**

9.     On information and belief, in 2019, after placing 15th in a non-IndyCar racing event (Super GT – GT300), Palou tested out an IndyCar.  Palou then joined IndyCar team Dale Coyne Racing, and in his IndyCar debut the following year, in the 2020 Genesys 300, he took 23rd place.  He competed in another 13 races that season, and finished the year ranked 16th overall.

10.     First place in the 2020 season went to the Scott Dixon team fielded by Ganassi, which is an American auto racing organization that fields teams in, among other series, IndyCar.  Since Ganassi's 1990 founding by former race driver Chip Ganassi, the organization has won 19 driver championships, including 10 in IndyCar, *via* teams featuring Scott Dixon, Dario Franchitti, and others.

11.     A key part of Ganassi's success is finding driver talent; investing time, resources, and effort to refine it; and providing world-class crew/team members, tools, and equipment.

12.     In keeping with that approach, Ganassi weighed the prospect of hiring the 23-year-old Palou coming off his freshman IndyCar season.

13.     Effective November 1, 2020, shortly after Ganassi won the 2020 IndyCar season, Ganassi entered a contract under which Palou would help the team continue its success for the next two years—or, if extended by Ganassi, the next three.

**C. Palou executes Driver Agreement and Sponsorship Agreement, ███████████████████████████████ .**

14.     Effective November 1, 2020, Ganassi executes two Agreements—a Driver Agreement (Ex. 1) and Sponsorship Agreement (Ex. 2) (collectively, "the Agreements")—with ALPA Racing, SL, which "has the exclusive rights to provide, and contract for, the services and promotional rights of Alex Palou Montalbo."  (Ex 1 at p. 1.)

3

15.     Palou signed each Agreement as ALPA's "Driver" (Ex. 1 at p. 15; Ex. 2 at p. 10.)  He also signed each Agreement's last page, affirming that, *e.g.*, he would "render all services, grant all rights and observe all restrictions necessary" for each Agreement.  (Ex. 1 at p. 16 ("I have read, and I am familiar with all of the terms and conditions of the foregoing driver services agreement. I represent, warrant and agree that I shall render all services, grant all rights and observe all restrictions necessary to enable ALPA Racing SL to comply with its obligations thereunder."); *see also* Ex. 2 at p. 11 ("I have read, and I am familiar with all of the terms and conditions of the foregoing Driver Sponsorship Agreement. I represent, warrant and agree that I shall render all services, grant all rights and observe all restrictions necessary to enable ALPA Racing, SL to comply with its obligations thereunder.").)

16.     As the Driver Agreement further states, "neither ALPA nor [Palou] has entered into any agreement whereby [Palou] has obligations that would conflict with the obligations contemplated herein, and has not entered into any other agreement whereby the execution of this agreement could cause a breach."  (Ex. 1 at p. 1.)

17.     "[Ganassi] and [Palou]," the Driver Agreement continues, "wish to enter into an agreement whereby [Palou] will provide to [Ganassi] certain services and promotional assets upon the terms and conditions set forth herein."  (*Id.*)  The Parties desire to "establish[] a mutually beneficial racing and business relationship for the period hereinafter specified."  (*Id.*)

### D. The Agreements would expire on December 31, 2022, unless Ganassi chose to extend it for a third year.

18.     The Driver Agreement's term—which the Sponsor Agreement shares (Ex. 2, ¶ 2)—is straightforward.   The base term is just over two years; and, if Ganassi so decides, it is extended through a third, final year.   Specifically, the base term runs from November 1, 2020, through December 31, 2022.  (Ex. 1, ¶ 1.)  But Ganassi "shall have the option, exercisable by written notice from [Ganassi] to ALPA on or before September 1, 2022 to extend this Agreement through December

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

31, 2023 (the 'Term'); unless terminated earlier pursuant to Section 9 and/or Section 10 hereof or by virtue of the other terms and conditions set forth below." (*Id.*)

19.     In other words, Ganassi—not ALPA or Palou—has sole discretion to extend the Term of the Agreements into a third year, including based on its view of Palou's performance.

**E.  The Agreements entitle Palou to key benefits**.

20.     During the Term, the Driver Agreement and Sponsor Agreement confer various key rights, benefits, and consideration upon Palou.



21.     One example is ███████       Ganassi ████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████. (Ex. 1, ¶ 4(A).)  In addition, Ganassi ████████████████████ (*id.*, ¶ 4(E)),
███████████ (Ex. 2, ¶ 3(C)), ████████████████████████ (*e.g.*, *id.*, ¶ 4(D)(i)), ███████
████████████████████████ (Ex. 1, ¶ 4(I)), and so on.

22.     Ganassi also ████████████████████████. This includes, *inter alia*, ████████
████████████████████████. (Ex. 1, ¶ 2.)  It also includes ████████████████
████████████████████. (*Id.*)

**F.  Palou agrees to honor various obligations**.

23.     █ █████ █ █ ███   ███████     █████ ██ █ █████████
████████████████████████████████████████████████

24.     Chief among them is Palou's duty to race for Ganassi during the Term. █████████
████████████████████████████████████████████████████████
████████████████████████████████████████████ (*id.*)—██
████████████████████████████████████████████████████████
████████████████████ " (*id.*, ¶ 3(A)). ██████████████████
████████████████████████████████████████████████████████

5

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**



….” (*Id.*, ¶ 3(A)).

25.     Palou is to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.*, ¶ 3(B).)

26.     Likewise, under Sponsorship Agreement, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (*See, e.g.*, Ex. 2, ¶¶ 1, 4-5.)  The Sponsorship Agreement provides,

for example, that:

a)     ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇.” (*Id.*, ¶ 4(A).)

b)     ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.” (*Id.*, ¶ 4(D).)

c)     ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇”

(*Id.*, ¶ 4(D)(v).)

d)     ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.” (*Id.*, ¶ 4(D)(viii).)

27.     On the flipside, and consistent with his pledge to drive and perform sponsorship-related and

other services for Ganassi, Palou also agreed **not** to do certain things.  Key examples are set forth in

the following paragraphs as indicated.

6

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

28. **First**, Palou agreed not to engage in "race car driving" for other teams, absent Ganassi's prior written approval. Specifically, under the Driver Agreement's Section 16(B): "ALPA represents that **[Palou] has exceptional and unique skill and ability and identity as a professional race car Driver**; that **[Palou's] services to be rendered hereunder are of a special, unusual and extraordinary character which gives them peculiar value which cannot be reasonably or adequately compensated for in damages at law**; and that ALPA's breach of this Driver Agreement will cause [Ganassi] great and irreparable injury and damage. ALPA agrees that, in addition to other remedies, [Ganassi] shall be entitled to injunctive and other equitable relief to prevent a breach of this Driver Agreement by ALPA or [Palou] including, among others, **the right to enjoin [Palou] from race car driving for any other person, entity or organization during the term of this Driver Agreement, unless otherwise agreed to in writing in advance by** [Ganassi]." (Ex. 1, ¶ 16(B) (emphasis added).)

29. **Second**, relatedly, Palou agreed not to engage in certain motor racing activity, absent Ganassi's prior written approval. That is, under the Driver Agreement's Section 18: "The parties agree that this is an exclusive personal services contract and, accordingly, ALPA shall not provide [Palou's] services for testing, practicing, qualifying or racing in any motor racing activity or related activity other than those specified and/or contemplated in this Agreement for any other person, firm, corporation, or entity during the Term of this Agreement as it may be extended without first securing [Ganassi's] prior written approval, which shall not be unreasonably withheld, conditioned, or delayed." (*Id.*, ¶ 18.)

30. **Third**, Palou agreed not to negotiate with third-parties during a specified portion of the Term. That is, under the Driver Agreement's Section 1: "Until September 1, 2022, and, if [Ganassi] exercises its option to extend the Term through 2023, then until September 1, 2023, [Ganassi] shall have the exclusive right to negotiate with ALPA for [Palou's] driving services and promotional rights beginning after the Term, and ALPA and [Palou] agree that they shall not directly or indirectly negotiate for or

7

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

make any agreement to provide the professional services of [Palou] in any motorsports-related capacity after the Term with any third party until after such date." (*Id.*, ¶ 1.)

31. **Fourth**, relatedly, ███████████████████████████████████████████████████████

Specifically, ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████." (*Id.*, ¶ 22.)

32. **Fifth**, after noting ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████. (*Id.*, ¶ 8(A).) NTT Data and PNC Bank are among the Ganassi sponsors whose name has appeared on the Ganassi car that Palou has driven numerous times since joining the team.

33. **Sixth**, the Sponsorship Agreement grants Ganassi certain rights and licenses. For example:

a) Section 1 of the Sponsorship Agreement grants to Ganassi "the exclusive right and license to use the Driver's Identification"—defined as "the name, signature, voice, likeness, photograph, caricature, image, biographical material and endorsement of [Palou]" (Ex. 2 at p. 1)—"worldwide, in a racing context or for [Ganassi's] sponsors or otherwise as set forth in this

8

Agreement, in connection with the advertisement, marketing and promotion of [Ganassi] and its sponsors with regard to the 2021, 2022, and 2023 (if [Ganassi] exercises its option to extend the Term) IndyCar Series seasons ….." (*Id.*, ¶ 1).

b) Section 1 of the Sponsorship Agreement further states that "ALPA warrants and agrees that they have not authorized, and that during the Team will not authorize, the use of the Driver Identification, nor will [Palou] render services for or be sponsored by any company, entity and or person, without the prior written consent of [Ganassi], which consent shall not be unreasonably withheld." (*Id.*)

c) ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████." (*Id.*, ¶ 5(A).)

34. ***Seventh***, the Driver Agreement ████████████████████████████. Specifically,
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

(Ex. 1, ¶ 11.)

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

### G. The Agreements authorize injunctive relief.

35. Aside from those obligations and provisions, Palou agreed that Ganassi could enforce its rights *via* injunctive relief.

36. Specifically, the Driver Agreement states that Palou "has exceptional and unique skill and ability and identity as a professional race car Driver; that [Palou's] services to be rendered hereunder are of a special, unusual and extraordinary character which gives them peculiar value which cannot be reasonably or adequately compensated for in damages at law; and that ALPA's breach of this Driver Agreement will cause [Ganassi] great and irreparable injury and damage. ALPA agrees that, in addition to other remedies, [Ganassi] shall be entitled to injunctive and other equitable relief to prevent a breach of this Driver Agreement by ALPA or [Palou] …." (*Id.*, ¶ 16(B).) The Driver Agreement also affirms that Ganassi "█████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████ (*Id.*, ¶ 19.)

37. Similarly, the Sponsorship Agreement states that: ███████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ …." (Ex. 2, ¶ 5(D).)

### H. Consistent with the Agreements, Ganassi extends the Term through the end of 2023.

38. Just as Ganassi's Scott Dixon won the 2020 IndyCar season, Ganassi's Palou won the 2021 IndyCar season.

Confidential Per Access to Court Records Rule 5 - Not for Public Access

39. Amid this continuation of the team's success, which carried into the beginning of the 2022 season as well, Ganassi exercised the contractual option to extend the Driver Agreement and Sponsor Agreement through the end of 2023.

40. Consistent with the Driver Agreement's Section 1—which notes "the option, exercisable by written notice from [Ganassi] to ALPA on or before September 1, 2022 to extend this Agreement through December 31, 2023 ('Term')"—Ganassi provided such written notice by letter dated July 11, 2022. Ganassi sent this letter to the mailing and email addresses referenced in the Driver Agreement, and hand-delivered the letter to Palou himself. A true and accurate copy of this July 11, 2022 letter is attached as Exhibit 3.

41. Thus, as Ganassi's July 11 letter noted and as the parties agreed in the Driver and Sponsorship Agreements, the as-extended Term ends on December 31, 2023. (*See* Ex. 3; *accord* Ex. 1, ¶ 1; Ex. 2, ¶ 2.)

42. Also as the parties agreed, the one-year extension of the Term automatically entails a one-year extension of the period during which Palou and ALPA agreed not to "directly or indirectly negotiate for or make any agreement to provide the professional services of [Palou] in any motorsports-related capacity after the Term with any third party." (Ex. 1, ¶ 1.) Pre-extension, this period ran from November 1, 2020, "[u]ntil September 1, 2022"; post-extension, its end date changed to "September 1, 2023." (*Id.*)

**I. Palou and ALPA breach and repudiate contractual obligations**.

43. Mid-afternoon on July 12, 2022, Ganassi announced that Palou would continue racing for the team through 2023.

44. Yet, to Ganassi's profound disappointment, Palou stated that he had other plans for 2023.

45. Within hours of Ganassi's announcement, Palou's Twitter account posted a message that although Palou has "great respect for the [Ganassi] team, and look[s] forward to finishing this season

11

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

strongly together," he "do[es] not intend to continue with the team after 2022." A true and accurate copy of this message is attached as Exhibit 4.

46. Then, within minutes of this post, the Twitter account of a rival racing organization—McLaren—declared that Palou would join them in 2023. A true and accurate copy of this message is attached as Exhibit 5.

47. McLaren has announced plans to run an additional IndyCar in 2023, for a total of 3.

48. Echoing all this, lawyers representing Palou and ALPA sent Ganassi a letter dated July 12, stating that Palou "does not intend to drive for Ganassi after 2022." A true and accurate copy of this July 12, 2022 letter ("Defendants' July 12 Letter") is attached as Exhibit 6.

49. In the same vein, according to an article dated July 13 on McLaren's website, "McLaren Racing has signed champion driver Alex Palou to race for McLaren starting in 2023." A true and accurate copy of a screenshot of this webpage is attached as Exhibit 7.

50. Neither this July 13 article nor Defendants' July 12 Letter attempts to explain how Palou's purported plan to race elsewhere in 2023 could square with his Agreements with Ganassi. Nor could they.

51. Defendants' July 12 Letter shows that Palou and ALPA have breached, are breaching, and will breach various key contractual obligations.

52. *First*, negotiating—let alone executing a contract—with McLaren or any other third-party for Palou's driving services or promotional assets in 2023 plainly breaches the Driver Agreement, and indeed does so regardless whether the Term was extended (which it was). Even before the Term was extended, Section 1 of the Driver Agreement barred Palou and ALPA from "directly or indirectly negotiat[ing] for or mak[ing] any agreement to provide the professional services of [Palou] in any motorsports-related capacity after the Term with any third-party" until "September 1, 2022." (Ex. 1, ¶ 1.) Now that the Term has been extended, Section 1 bars such activity until "September 1, 2023."

12

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

(*Id.*)   Thus, at no point since November 1, 2020—when the Driver Agreement took effect and Palou and ALPA represented that they had not "entered into any agreement whereby [Palou] has obligations that would conflict with the obligations contemplated herein" (*id.* at p. 1)—has the Driver Agreement permitted ALPA or Palou to negotiate or contract with a third-party for Palou's driving services or promotional rights in 2023 or beyond.

53.   **Second**, any failure to drive for or otherwise render agreed services to Ganassi in 2023—the last year of the agreed Term—plainly violates numerous obligations, including obligations to:



a) ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████ " (*id.*, ¶ 3(A)).

b) ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████ …." (Ex. 1, ¶ 3(A).)

c) ████████████████████████████████████████████ …." (*Id.*, ¶ 3(B).)

d)   perform the services and activities outlined in Sections 4 and 5 of the Sponsorship Agreement.

e) ████████████████████████████████████████████████████
(Ex. 2, ¶ 4(A).)

f) ████████████████████████████████████████████ ." (*Id.*, ¶ 4(D).)

g) ████████████████████████████████████████████████████
████████████████████████████████████████████ ." (*Id.*, ¶ 4(D)(v).)

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

h) 

".  (*Id.*, ¶ 4(D)(viii).)

54.    ***Third***, driving in 2023 for McLaren or any other third-party violates the obligations noted

above as well as multiple others, including obligations to refrain from:

    a)  "race car driving for any other person, entity or organization during the term of this Driver

        Agreement, unless otherwise agreed to in writing in advance by [Ganassi]."  (Ex. 1, ¶ 16(B).)

    b)  "provid[ing] [Palou's] services for testing, practicing, qualifying or racing in any motor racing

        activity or related activity other than those specified and/or contemplated in this Agreement

        for any other person, firm, corporation, or entity during the Term of this Agreement as it may

        be extended without first securing [Ganassi's] prior written approval …."  (*Id.*, ¶ 18.)

55.    ***Fourth***, if they make good on their threats to abandon Ganassi in 2023 and jump ship to a

different racing organization, Palou and ALPA are likely to commit yet additional breaches, including

of the following key obligations:

    a)  Section 1 of the Sponsorship Agreement grants to Ganassi "the exclusive right and license to

        use the Driver's Identification"—defined as "the name, signature, voice, likeness, photograph,

        caricature, image, biographical material and endorsement of [Palou]" (Ex. 2 at p. 1)—

        "worldwide, in a racing context or for [Ganassi's] sponsors or otherwise as set forth in this

        Agreement, in connection with the advertisement, marketing and promotion of [Ganassi] and

        its sponsors with regard to the 2021, 2022, and 2023 (if [Ganassi] exercises its option to extend

        the Term) IndyCar Series seasons …."  (*id.*, ¶ 1).

    b)  Section 1 of the Sponsorship Agreement further states that "ALPA warrants and agrees that

        they have not authorized, and that during the Team will not authorize, the use of the Driver

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

Identification, nor will [Palou] render services for or be sponsored by any company, entity and or person, without the prior written consent of [Ganassi], which consent shall not be unreasonably withheld." (*Id.*)

c) 

." (*Id.*, ¶ 5(A).)

d) [Ganassi]

. (Ex. 1, ¶ 8(A).)

## IV.     Count 1:  Breach of contract – Negotiating and contracting with a third-party.

56.     Ganassi incorporates by reference the allegations set forth in the paragraphs above.

57.     The Driver Agreement and Sponsorship Agreement are valid and enforceable contracts, neither of which has been terminated pursuant to contractual termination provisions, including Sections 9 and 10 of the Driver Agreement.

58.     ALPA, Palou, and Ganassi signed and are bound by the Agreements, and Ganassi has performed its obligations thereunder.

Confidential Per Access to Court Records Rule 5 - Not for Public Access

59.     As alleged above, Palou and ALPA breached, are breaching, and are likely in the future to breach the Agreements in multiple, independent ways.

60.     At a minimum, on information and belief, Palou and/or ALPA have negotiated and contracted with a third-party—at a minimum, McLaren—in violation of Section 1 of the Driver Agreement.

61.     That is, negotiating—let alone executing a contract—with McLaren or any other third-party for Palou's driving services or promotional assets in 2023 plainly breaches the Driver Agreement, and indeed does so regardless whether the Term was extended (which it was).  Even before the Term was extended, Section 1 of the Driver Agreement barred Palou and ALPA from "directly or indirectly negotiat[ing] for or mak[ing] any agreement to provide the professional services of [Palou] in any motorsports-related capacity after the Term with any third-party" until "September 1, 2022."  (Ex. 1, ¶ 1.)  Now that the Term has been extended, Section 1 bars such activity until "September 1, 2023." (*Id.*)

62.     Thus, at no point since November 1, 2020—when the Driver Agreement took effect and Palou and ALPA represented that they had not "entered into any agreement whereby [Palou] has obligations that would conflict with the obligations contemplated herein" (*id.* at p. 1)—has the Driver Agreement permitted ALPA or Palou to negotiate or contract with a third-party for Palou's driving services or promotional rights in 2023 or beyond.

63.     Palou's and ALPA's breaches have caused and will continue to cause Ganassi to suffer damage and harm that was and has been reasonably foreseeable upon and since the Agreements' execution.

64.     Indeed, as the Driver Agreement affirms:

a)  The Driver Agreement is an "exclusive personal services contract" (*id.*, ¶ 18);

b)  Palou "has exceptional and unique skill and ability and identity as a professional race car Driver" (*id.*, ¶ 16(B));

16

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

c) Palou's "services to be rendered hereunder are of a special, unusual and extraordinary character which gives them peculiar value which cannot be reasonably or adequately compensated for in damages at law" (*id.*);

d) "breach of this Driver Agreement will cause [Ganassi] great and irreparable injury and damage" (*id.*);

e) "in addition to other remedies, [Ganassi] shall be entitled to injunctive and other equitable relief to prevent a breach of this Driver Agreement by ALPA or [Palou] including, among others, the right to enjoin [Palou] from race car driving for any other person, entity or organization during the term of this Driver Agreement, unless otherwise agreed to in writing in advance by [Ganassi]" (*id.*).

65.     The harm to Ganassi includes, without limit, irreparable harm that cannot be adequately remedied by an award of monetary damages, such as the loss of Palou's exceptional and unique skill and ability and identity as a professional race car driver, particularly one in which Ganassi has invested significant time, effort, and resources; the loss of Palou's driving, sponsorship, and other services, which are of a special, unusual and extraordinary character unable to be adequately compensated for in damages at law; disruption, deterioration, and loss of Ganassi's goodwill, business relationships, and contracts, ████████████████████████████████████████████████ ████████████████████████; imminent deterioration of and interference with Ganassi's rights concerning Palou's name, any derivation of thereof, Palou's signature, voice, likeness, marks, photographs, caricature, image, biographical material, or endorsement, including in connection with any advertising, marketing, promotion, publicity or sales activity of any nature or kind; and the premature defection to a competitor of a driver in whom Ganassi has invested significant time, effort, and resources, and who is privy to Ganassi's advertising and promotional activities, trade secrets, car setups, and strategic and technical information.

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

**V.** **Count 2: Breach of contract – Repudiation of obligations to drive for and provide certain services and benefits to Ganassi in 2023**

66.     Ganassi incorporates by reference the allegations set forth in the paragraphs above.

67.     The Driver Agreement and Sponsorship Agreement are valid and enforceable contracts, neither of which has been terminated pursuant to contractual termination provisions, including Sections 9 and 10 of the Driver Agreement.

68.     ALPA, Palou, and Ganassi signed and are bound by the Agreements, and Ganassi has performed its obligations thereunder.

69.     As alleged above, Palou and ALPA breached, are breaching, and are likely in the future to breach the Agreements in multiple, independent ways.

70.     Palou's and ALPA's stated intent to not drive for or otherwise provide agreed services or benefits to Ganassi in 2023 is a repudiation of Defendants' obligations under the Agreements.

71.     The failure to drive for or otherwise provide agreed services and benefits to Ganassi in 2023—the last year of the agreed Term—plainly violates numerous obligations, including obligations to:

a)  ████████████████████████████████████████████████
    ████████████████████████████████████████████████
    ██████████████████████████████████" (*id.*, ¶ 3(A)).

b)  ████████████████████████████████████████████████
    ████████████████████████████████████████████████
    ████████████████████████████████████████████████
    ████████████████████████████████████████████████
    ████████████████████████████████████████████████
    ████████████████████ (*Id.*, ¶ 3(A).)

c)  ████████████████████████████████████████…." (*Id.*, ¶ 3(B).)

d)  ████████████████████████████████████████████████.

18

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**



e) ████████████████████████████████████████."

(Ex. 2, ¶ 4(A).)

f) ████████████████████████████." (*Id.*, ¶ 4(D).)

g) ████████████████████████████████████████

████████████████████████████████." (*Id.*, ¶ 4(D)(v).)

h) ████████████████████████████████████████

████████████████████████████████████████

███████████████████." (*Id.*, ¶ 4(D)(viii).)

i) ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████. (Ex. 1, ¶ 8(A).)

72.     Palou's and ALPA's breaches have caused and will continue to cause Ganassi to suffer damage and harm that was and has been reasonably foreseeable upon and since the Agreements' execution.

73.     Indeed, as the Driver Agreement affirms: the Driver Agreement is an "exclusive personal services contract" (*id.*, ¶ 18); Palou "has exceptional and unique skill and ability and identity as a professional race car Driver" (*id.*, ¶ 16(B)); Palou's "services to be rendered hereunder are of a special, unusual and extraordinary character which gives them peculiar value which cannot be reasonably or adequately compensated for in damages at law" (*id.*); "breach of this Driver Agreement will cause [Ganassi] great and irreparable injury and damage" (*id.*); "in addition to other remedies, [Ganassi] shall be entitled to injunctive and other equitable relief to prevent a breach of this Driver Agreement by ALPA or [Palou] including, among others, the right to enjoin [Palou] from race car driving for any

19

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

other person, entity or organization during the term of this Driver Agreement, unless otherwise agreed to in writing in advance by [Ganassi]" (*id.*).

74. The harm to Ganassi includes, without limit, irreparable harm that cannot be adequately remedied by an award of monetary damages, such as the loss of Palou's exceptional and unique skill and ability and identity as a professional race car driver, particularly one in which Ganassi has invested significant time, effort, and resources; the loss of Palou's driving, sponsorship, and other services, which are of a special, unusual and extraordinary character unable to be adequately compensated for in damages at law; disruption, deterioration, and loss of Ganassi's goodwill, business relationships, and contracts, ███████████████████████████████████████████ ████████████████████████; and imminent deterioration of and interference with Ganassi's rights concerning Palou's name, any derivation of Palou's name, Palou's signature, voice, likeness, marks, photographs, caricature, image, biographical material, or endorsement, including in connection with any advertising, marketing, promotion, publicity or sales activity of any nature or kind.

## VI. Count 3: Breach of contract – Repudiation of obligations to refrain from driving for or providing certain services or benefits to a third-party in 2023.

75. Ganassi incorporates by reference the allegations set forth in the paragraphs above.

76. The Driver Agreement and Sponsorship Agreement are valid and enforceable contracts, neither of which has been terminated pursuant to contractual termination provisions, including Sections 9 and 10 of the Driver Agreement.

77. ALPA, Palou, and Ganassi signed and are bound by the Agreements, and Ganassi has performed its obligations thereunder.

78. As alleged above, Palou and ALPA breached, are breaching, and are likely in the future to breach the Agreements in multiple, independent ways.

79. Palou's and ALPA's stated intent to not drive for or otherwise provide agreed services or benefits to Ganassi in 2023 is a repudiation of Defendants' obligations under the Agreements.

20

Confidential Per Access to Court Records Rule 5 -
Not for Public Access

80.     Palou's and ALPA's intent—apparently memorialized in a third-party contract—that Palou drive in 2023 for a third-party—at a minimum, McLaren—is a repudiation of the Agreements that violates not only Section 1 of the Driver Agreement as noted above, but also multiple other obligations, including those to refrain from:

    a) "race car driving for any other person, entity or organization during the term of this Driver Agreement, unless otherwise agreed to in writing in advance by [Ganassi]."  (Ex. 1, ¶ 16(B).)

    b) "provid[ing] [Palou's] services for testing, practicing, qualifying or racing in any motor racing activity or related activity other than those specified and/or contemplated in this Agreement for any other person, firm, corporation, or entity during the Term of this Agreement as it may be extended without first securing [Ganassi's] prior written approval …."  (*Id.*, ¶ 18.)

81.     Palou's and ALPA's above-noted repudiation also threatens and is imminently likely to violate other contractual provisions.  For example:

    a) Section 1 of the Sponsorship Agreement grants to Ganassi "the exclusive right and license to use the Driver's Identification"—defined as "the name, signature, voice, likeness, photograph, caricature, image, biographical material and endorsement of [Palou]" (Ex. 2 at p. 1)— "worldwide, in a racing context or for [Ganassi's] sponsors or otherwise as set forth in this Agreement, in connection with the advertisement, marketing and promotion of [Ganassi] and its sponsors with regard to the 2021, 2022, and 2023 (if [Ganassi] exercises its option to extend the Term) IndyCar Series seasons …."  (*Id.*, ¶ 1.)

    b) Section 1 of the Sponsorship Agreement further states that "ALPA warrants and agrees that they have not authorized, and that during the Team will not authorize, the use of the Driver Identification, nor will [Palou] render services for or be sponsored by any company, entity and or person, without the prior written consent of [Ganassi], which consent shall not be unreasonably withheld."  (*Id.*)

21

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

c) 

.” (*Id.*, ¶ 5(A).)

d)

. (Ex. 1, ¶ 8(A).)

82. Palou's and ALPA's breaches have caused and will continue to cause Ganassi to suffer damage and harm that was and has been reasonably foreseeable upon and since the Agreements' execution.

83. Indeed, as the Driver Agreement affirms: the Driver Agreement is an "exclusive personal services contract" (*id.*, ¶ 18); Palou "has exceptional and unique skill and ability and identity as a professional race car Driver" (*id.*, ¶ 16(B)); Palou's "services to be rendered hereunder are of a special, unusual and extraordinary character which gives them peculiar value which cannot be reasonably or adequately compensated for in damages at law" (*id.*); "breach of this Driver Agreement will cause [Ganassi] great and irreparable injury and damage" (*id.*); "in addition to other remedies, [Ganassi] shall be entitled to injunctive and other equitable relief to prevent a breach of this Driver Agreement by ALPA or [Palou] including, among others, the right to enjoin [Palou] from race car driving for any

22

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

other person, entity or organization during the term of this Driver Agreement, unless otherwise agreed to in writing in advance by [Ganassi]" (*id.*).

84. The harm to Ganassi includes, without limit, irreparable harm that cannot be adequately remedied by an award of monetary damages, such as the loss of Palou's exceptional and unique skill and ability and identity as a professional race car driver, particularly one in which Ganassi has invested significant time, effort, and resources; the loss of Palou's driving, sponsorship, and other services, which are of a special, unusual and extraordinary character unable to be adequately compensated for in damages at law; disruption, deterioration, and loss of Ganassi's goodwill, business relationships, and contracts, ███████████████████████████████████████████████████ █████████████████████; imminent deterioration of and interference with Ganassi's rights concerning Palou's name, any derivation of Palou's name, Palou's signature, voice, likeness, marks, photographs, caricature, image, biographical material, or endorsement, including in connection with any advertising, marketing, promotion, publicity or sales activity of any nature or kind; and the premature defection to a competitor of a driver in whom Ganassi has invested significant time, effort, and resources, and who is privy to Ganassi's advertising and promotional activities, trade secrets, car setups, and strategic and technical information.

## VII.     Count 4:  Breach of duty of loyalty / fiduciary duty.

85. In addition to ███████████████████████████████████████████ ███████████████████ (*id.*, ¶ 3(B)), Palou and ALPA owe an independent duty of loyalty or fiduciary duty to Ganassi.

86. Palou and ALPA have owed, and continue to owe, such a duty to Ganassi during the Term of their contractual relationship with and agency for Ganassi.

87. Such duty includes, among other things, an obligation to exert best efforts on Ganassi's behalf.

23

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

88.     Defendants have breached such and may well continue to breach it by, *e.g.*, negotiating and entering third-party contracts to provide Palou's services during 2023 and/or beyond.

89.     Palou likewise breached such duty by, *e.g.*, publicly suggesting that he is not under contract with Ganassi in 2023.

90.     Palou's and ALPA's breaches have caused and will continue to cause Ganassi to suffer damage and harm, including, without limit, irreparable harm that cannot be adequately remedied by an award of monetary damages, such as the loss of Palou's exceptional and unique skill and ability and identity as a professional race car driver, particularly one in which Ganassi has invested significant time, effort, and resources; the loss of Palou's driving, sponsorship, and other services, which are of a special, unusual and extraordinary character unable to be adequately compensated for in damages at law; disruption, deterioration, and loss of Ganassi's goodwill, business relationships, and contracts, ████████████████████████████████████████████████ ██████████████; imminent deterioration of and interference with Ganassi's rights concerning Palou's name, any derivation of Palou's name, Palou's signature, voice, likeness, marks, photographs, caricature, image, biographical material, or endorsement, including in connection with any advertising, marketing, promotion, publicity or sales activity of any nature or kind; and the premature defection to a competitor of a driver in whom Ganassi has invested significant time, effort, and resources, and who is privy to Ganassi's advertising and promotional activities, trade secrets, car setups, and strategic and technical information.

## VIII.     Request for Relief.

Accordingly, given Palou's and ALPA's ongoing and imminent breaches of the Driver Agreement and Sponsorship Agreement, Ganassi requests the following relief:

1.     Preliminary injunctive relief, permanent injunctive relief, and specific performance, requiring Palou and ALPA to comply with obligations to:

24

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

a)   drive for Ganassi until the December 31, 2023 expiration of the Agreements' Term;

b)   perform services diligently and faithfully for Ganassi until the Term's December 31, 2023 expiration;

c)   render sponsorship and other services, as set forth in the Sponsorship Agreement's Sections 4 and 5, until the Term's December 31, 2023 expiration;

d)   refrain from race car driving for any other person, entity, or organization until the Term's December 31, 2023 expiration, without Ganassi's prior written approval;

e)   refrain from providing Palou's services for testing, practicing, qualifying or racing in any motor racing activity or related activity other than those specified and/or contemplated in the Driver Agreement for any other person, firm, corporation, or entity until the Term's December 31, 2023 expiration, without Ganassi's prior written approval;

f)   directly or indirectly negotiating for or making any agreement to provide the professional services of Palou in any motorsports-related capacity after the Term with any third party until after September 1, 2023;

g)   ;

h)   refrain from being sponsored by any company, entity, and/or person, until the Term's December 31, 2023 expiration, without Ganassi's prior written consent;

i)   refrain from authorizing the use of Palou's name, signature, voice, likeness, photograph, caricature, image, biographical material, or endorsement of Palou until the Term's December 31, 2023 expiration, without Ganassi's prior written consent;

25

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

j) refrain from authorizing or permitting use of the name of Palou, or any derivation thereof, his voice, likeness, marks, or photographs in connection with any advertising, marketing, promotion, publicity or sales activity of any nature or kind until the Term's December 31, 2023 expiration, without Ganassi's prior written approval.

2. Recoverable costs.

3. Any other relief that is just and proper.

Respectfully submitted on July 25, 2022 by counsel for Plaintiff Chip Ganassi Racing, LLC,

/s/ *John R. Maley*
John R. Maley (#14300-89)
Dylan A. Pittman (#32722-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:        317-236-1313
Fax:              317-231-7433
Email:        jmaley@btlaw.com
              dpittman@btlaw.com

/s/ *James H. Voyles, Jr.*
James H. Voyles, Jr. (#631-49)
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
One Indiana Square
211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana 46204
Telephone:        317-632-4463
Fax:              317-631-1199
Email:        jvoyles@voyleslegal.com

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

**<u>VERIFICATION</u>**

I, Bruce Kempton, an employee of Chip Ganassi Racing, LLC, do hereby affirm, under the penalties of perjury, that the facts alleged in the foregoing Verified Complaint for Injunctive Relief are true to the best of my information, knowledge, and belief.

*/s/ Bruce Kempton*
Bruce Kempton

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

## INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-_____ |

CHIP GANASSI RACING, LLC,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
ALEX PALOU MONTALBO, and　　　　　　)
ALPA RACING, SL,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　)

# EXHIBIT 1

# Confidential Per Access to Court Records Rule 5 - Not for Public Access

<u>**DRIVER AGREEMENT**</u>

**THIS AGREEMENT** (the "Driver Agreement"), made and effective as of November 1, 2020, between and among CHIP GANASSI RACING, LLC., ("Team") and ALPA Racing, SL ("ALPA") collectively hereinafter the "Parties."

**WHEREAS,** Team is in the professional business of developing, testing and racing motor vehicles and the promotional activities associated with those activities; and

**WHEREAS,** ALPA has the exclusive rights to provide, and contract for, the services and promotional rights of Alex Palou Montalbo, ("Driver"), an experienced professional race car driver; and

**WHEREAS,** ALPA warrants that neither ALPA nor Driver has entered into any agreement whereby Driver has obligations that would conflict with the obligations contemplated herein, and has not entered into any other agreement whereby the execution of this agreement could cause a breach; and

**WHEREAS,** Team and ALPA are desirous of establishing a mutually beneficial racing and business relationship for the period hereinafter specified; and

**WHEREAS,** subject and in addition to the rights and obligations of the Parties established in this Driver Agreement and in the Driver Sponsorship Agreement (the "Driver Sponsorship Agreement") dated as of the date of this Driver Agreement, Team and Driver wish to enter into an agreement whereby Driver will provide to Team certain services and promotional assets upon the terms and conditions set forth herein.

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements between the Parties, and for other good and valuable consideration the receipt and adequacy of which the Parties hereby acknowledge, the Parties intending to be legally bound, it is hereby agreed as follows:

1.     <u>TERM</u>

This Driver Agreement becomes effective on November 1, 2020, and terminates on December 31, 2022, provided, however, that the Team shall have the option, exercisable by written notice from Team to ALPA on or before September 1, 2022 to extend this Agreement through December 31, 2023 (the "Term"); unless terminated earlier pursuant to Section 9 and/or Section 10 hereof or by virtue of the other terms and conditions set forth below.  Anything to the contrary in the foregoing notwithstanding, Team shall have the right to terminate this Agreement effective December 31, 2021 by written notice to ALPA thereof on or before September 1, 2021.   Team shall also have the right to terminate this Agreement effective immediately, upon written notice to ALPA, in the event of (a) any affirmative act of insolvency by Driver, (b) the appointment of any receiver or trustee to take possession of the properties of Driver, (c) a material breach of any material provision hereof or of the Driver Sponsorship Agreement by Driver, which is not cured within fourteen (14) days following ALPA's receipt of written notice from Team identifying the

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

DocuSign Envelope ID: FDAC40B8-D4D9-4938-8FFA-BF355F6B0FB2

provision hereof and/or of the Driver Sponsorship Agreement that were breached and the facts which form the basis of the breach. In addition, should the Driver Sponsorship Agreement expire or be terminated, for any reason, this Agreement shall likewise terminate. Until September 1, 2022, and, if Team exercises its option to extend the Term through 2023, then until September 1, 2023, Team shall have the exclusive right to negotiate with ALPA for Driver's driving services and promotional rights beginning after the Term, and ALPA and Driver agree that they shall not directly or indirectly negotiate for or make any agreement to provide the professional services of Driver in any motorsports-related capacity after the Term with any third party until after such date. The non-interference provisions of Section 8, the liability release, indemnity, hold-harmless, and other provisions of Section 13, the arbitration arrangement of Section 19, the compensation and expense reimbursement provisions of Section 4 and elsewhere herein, and the confidentiality provisions of Sections 11 and 22 of this Agreement will survive any termination or expiration of this Agreement.



Confidential Per Access to Court Records Rule 5 -
Not for Public Access



[redacted]

[redacted]

[redacted]

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**



[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**



Case 2:22-cv-01341-KM-DML Document 4-1 Filed 07/29/22 Page 47 of 132 PageID: 737

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

DocuSign Envelope ID: EDAC10B8-D408-4938-85EA-BF3E5F6B0EB2



**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**



[redacted]

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**



[redacted]

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**



[redacted]

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**



Case 1:22-cv-01513-RLM-DML Document 46-1 Filed 09/30/22 Page 52 of 132 PageID #: 734

[redacted]

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

DocuSign Envelope ID: EDAC10B8-D4D9-4938-8FEA-BF3E5E6B0EB2



11

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

DocuSign Envelope ID: EDAC10B8-D408-4938-85FA-BF355E6B0EB2



15.   <u>FORCE MAJEURE</u>

The obligations of either or both Parties under this Driver Agreement will be excused during such times as and to the extent that performance is prevented by any occurrence or actions beyond Team's or ALPA's control, including, without limitation, the acts of the elements, riots, fire, war, terrorism, Acts of God, and any ruling, law or regulation of any local, state, federal or national governmental body having jurisdiction over the Parties or subject matter of this Driver Agreement.

16.   <u>ASSIGNMENT AND INJUNCTIVE RELIEF</u>

(A)   Except as heretofore specifically set forth, this Driver Agreement may not be assigned by any party nor shall the obligations of a party hereunder be delegated without the prior written consent of the other party.

(B)   ALPA represents that Driver has exceptional and unique skill and ability and identity as a professional race car Driver; that Driver's services to be rendered hereunder are of a special, unusual and extraordinary character which gives them peculiar value which cannot be reasonably or adequately compensated for in damages at law; and that ALPA's breach of this Driver Agreement will cause the Team great and irreparable injury and damage. ALPA agrees that, in addition to other remedies, the Team shall be entitled to injunctive and other equitable relief to prevent a breach of this Driver Agreement by ALPA or Driver including, among others, the right to enjoin Driver from race car driving for any other person, entity or organization during the term of this Driver Agreement, unless otherwise agreed to in writing in advance by Team.

(B)   Team represents that it has exceptional and unique skill and ability and identity as a professional race car team; that Team's services to be rendered hereunder are of a special,

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

unusual and extraordinary character which gives them peculiar value which cannot be reasonably or adequately compensated for in damages at law; and that Team's breach of this Driver Agreement will cause ALPA great and irreparable injury and damage. Team agrees that, in addition to other remedies, ALPA and Driver shall be entitled to injunctive and other equitable relief to prevent a breach of this Driver Agreement by Team including, among others, the right to enjoin Team from fielding the Race Car for any other person to drive during the term of this Driver Agreement, unless otherwise agreed to in writing in advance by ALPA.

17.    <u>BINDING EFFECT AND CONSTRUCTION</u>

This Driver Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, administrators, successors and permitted assigns. This Driver Agreement and the Driver Sponsorship Agreement constitute the entire agreement between ALPA and Team and supersedes all prior contracts, agreements and understandings, oral or written, between the Parties hereto with respect to the subject matter hereof; provided, however, that as referred to above, Driver and Team have entered into a separate sponsorship contract which shall also govern the relationship between Driver and Team.

18.    <u>EXCLUSIVITY</u>

The parties agree that this is an exclusive personal services contract and, accordingly, ALPA shall not provide Driver's services for testing, practicing, qualifying or racing in any motor racing activity or related activity other than those specified and/or contemplated in this Agreement for any other person, firm, corporation, or entity during the Term of this Agreement as it may be extended without first securing Team's prior written approval, which shall not be unreasonably withheld, conditioned, or delayed.



13

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

Case 1:22-cv-01341-RLY-MJD Document 46-1 Filed 09/30/22 Page 56 of 132 PageID #: 346

[redacted]

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**



25. <u>CONTROLLING LAW</u>

     This Driver Agreement and any disputes arising hereunder shall be governed by and construed under the laws of the State of Indiana without reference to its principles of conflicts of laws.

26. <u>EXECUTION</u>

     This Driver Agreement may be executed via a web-based and widely known electronic signing service, e.g., DocuSign.

**IN WITNESS WHEREOF,** the Parties hereto have set their hands as of the date first written above.

Chip Ganassi Racing, LLC:

By: _____
       *Mike Hull*
       D146B400C6C64A9...

Its: _____
       Managing Director

ALPA Racing SL

By: _____
       *Alex Palou*
       63EB2BA89AF041A...

Its: _____
       Driver

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

## ACKNOWLEDGEMENT OF AGREEMENT

I have read, and I am familiar with all of the terms and conditions of the foregoing driver services agreement.  I represent, warrant and agree that I shall render all services, grant all rights and observe all restrictions necessary to enable ALPA Racing SL to comply with its obligations thereunder.  For avoidance of doubt, I have read, understand, and expressly grant all rights pertaining to Section 13 hereof, "Assumption of Risk, Indemnity, Hold Harmless, and Waiver of Claims".  I shall look solely to ALPA Racing, SL for full payment of any compensation due to me for all services performed by me, for all rights granted by me, and for the discharge of all other obligations of an employer.

_____
Alex Palou Montalbo

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-_____ |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT 2

# Confidential Per Access to Court Records Rule 5 - Not for Public Access

DocuSign Envelope ID: EDAC10B8-D408-4938-8EEA-BF355E6B0EB2

# DRIVER SPONSORSHIP AGREEMENT

**THIS AGREEMENT** (the "Driver Sponsorship Agreement"), made and effective as of November 1, 2020, between and among CHIP GANASSI RACING LLC., ("Team") and ALPA Racing, SL, ("ALPA"), collectively hereinafter the "Parties."

**WHEREAS,** Alex Palou **("**Driver") has granted to ALPA the exclusive right to license the Driver Identification as defined below;

**WHEREAS,** ALPA desires to enter into certain commercial relationships to exploit the name, signature, voice, likeness, photograph, caricature, image, biographical material and endorsement of Driver (collectively, the "Driver Identification"); and

**WHEREAS,** Team and ALPA, desire to enter into an agreement whereby Team will benefit from the use of the Driver Identification, subject to the terms and conditions set forth herein below;

**NOW, THEREFORE,** for and in consideration of the mutual promises, covenants and conditions hereinafter set forth, the Parties mutually agree as follows:

1.  <u>GRANT OF RIGHTS</u>.

Subject to the terms and conditions set forth herein and in that separate Driver Agreement, of even date herewith, by and between Team and ALPA (the "Driver Agreement"), ALPA hereby grants to Team, during the Term (as defined herein), unless otherwise provided herein, the exclusive right and license to use the Driver's Identification worldwide, in a racing context or for Team's sponsors or otherwise as set forth in this Agreement, in connection with the advertisement, marketing and promotion of Team and its sponsors with regard to the 2021, 2022, and 2023 (if Team exercises its option to extend the Term) IndyCar Series seasons (the "Series") for which Driver's services are provided to Team.

Except as provided in this Agreement or the Driver Agreement, ALPA warrants and agrees that they have not authorized, and that during the Term will not authorize, the use of the Driver Identification, nor will Driver render services for or be sponsored by any company, entity and or person, without the prior written consent of Team, which consent shall not be unreasonably withheld. ALPA will not use, or allow the use of, Team or Team sponsor identification without first securing the written approval of Team in advance.

2.  <u>TERM</u>.

As set forth in the Driver Agreement. If the event the Driver Agreement is terminated for any reason, this Agreement shall likewise automatically terminate.

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**



[redacted]

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**



[redacted]

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**



[redacted]

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

DocuSign Envelope ID: EDAC10B8-D4D8-4938-8EEA-BF3E5E6B0EB2



5

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**



[redacted]

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**



**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

DocuSign Envelope ID: FDAC10B8-D4D8-4938-8EEA-BF3E5F6B0EB2



8

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

DocuSign Envelope ID: EDAC10B8-D408-4938-85EA-BF3E5E6B0EB2



     (B)     This Agreement is an agreement for personal services and shall not be assigned by either party hereto without the prior written consent of the other party.

     (C)     The failure by Team or ALPA, to exercise any right granted hereunder upon the occurrence of any of the contingencies set forth in this Agreement shall not constitute a waiver of such right upon the recurrence of such contingency.

     (D)     This Agreement constitutes the entire understanding of the Parties with respect to the subject matter of this Agreement and supersedes all prior agreements other than the Driver Agreement between Driver and Team.  No waiver, modification or addition to this Agreement shall be valid unless in writing and signed by the Parties hereto.

     (E)     This Agreement shall be construed in accordance with the laws of the State of Indiana.

     (F)     Paragraph headings are for reference purposes only and are not intended to create substantive rights or obligations.

     (G)     In the event any provision of this Agreement is determined to be invalid by a court of competent jurisdiction, such determination shall in no way affect the validity or enforceability of any other provision herein.

11.    <u>EXECUTION</u>

9

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

This Agreement may be executed via a web-based and well known digital signing service, e.g. DocuSign. Hard copy reproductions of this Agreement, once fully executed, shall be enforceable in a court of law.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date above written.

CHIP GANASSI RACING, LLC

BY: _____

    *Mike Hull*

    D146B400C6C64A9...

ITS: _____

    Managing Director

ALPA RACING SL

BY: _____

    *Alex Palou*

    63EB2BA89AF041A...

ITS: _____

    Driver

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

## ACKNOWLEDGEMENT OF AGREEMENT

      I have read, and I am familiar with all of the terms and conditions of the foregoing Driver Sponsorship Agreement.  I represent, warrant and agree that I shall render all services, grant all rights and observe all restrictions necessary to enable ALPA Racing, SL to comply with its obligations thereunder.  I shall look solely to ALPA Racing, SL for full payment of any compensation due to me for all services performed by me, for all rights granted by me, and for the discharge of all other obligations of an employer.

ALEX PALOU

DocuSigned by:

*Alex Palou*

63EB2BA89AF041A...

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-_____ |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT 3

# Confidential Per Access to Court Records Rule 5 - Not for Public Access



July 11, 2022

Alex Palou Montalbo
C/Queralt, no1 08459
Barcelona, Spain

Via Fedex and Hand Delivery

Re: Extension of Term

Dear Alex:

Reference is made to the Driver Agreement and Driver Sponsorship Agreement in place between
ALPA Racing SL and Chip Ganassi Racing, LLC.  Each was effective as of November 1, 2020,
and each remains in full force and effect today.

Pursuant to Sections 1 and 24 of the Driver Agreement, please accept this letter as notice that
Chip Ganassi Racing has exercised its option to extend the Term of Driver Agreement and
Driver Sponsorship Agreement through December 31, 2023.

Thank you and we look forward to continuing our successful relationship, on and off the track.

Sincerely,

Mike Hull
Managing Director

cc:  Roger Yasukawa (via email)

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO. 49D01-2207-PL-_____ |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT 4



# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-_____ |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT 5

 **McLaren**
[LRI]@McLarenF1[PDI]



¡Hola Alex! ᴇꜱ

McLaren Racing welcomes #INDYCAR champion
[LRI]@AlexPalou[PDI] to its driver roster from 2023, as the
team continues to build talent across all of its racing
series. 🤛

Our full driver line-up across all racing series will be
confirmed in due course.

7/12/22, 7:22 PM

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-_____ |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT 6

# Confidential Per Access to Court Records Rule 5 - Not for Public Access

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7485**

WRITER'S EMAIL ADDRESS
**rachelepstein@quinnemanuel.com**

July 12, 2022

<u>**VIA EMAIL**</u>

Mike Hull
Chip Ganassi Racing, LLC
8500 Westmoreland Drive
Concord, NC 28207

Re:     <u>Alex Palou</u>

Dear Mr. Hull:

This firm represents Alex Palou ("Mr. Palou") and ALPA Racing SL (collectively with Mr. Palou, "AP") in connection with AP's Driver Agreement and Driver Sponsorship Agreement (collectively "The Agreements") with Chip Ganassi Racing, LLC ("Ganassi"), and in connection with Ganassi's purported July 11, 2022 notice that Ganassi has or will "exercise" an "option" to extend The Agreements until December 31, 2023 without AP's agreement to that extension.



**quinn emanuel urquhart & sullivan, llp**
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM |
MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI |
SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, D.C. | ZURICH

**Confidential Per Access to Court Records Rule 5 - Not for Public Access**

However, as Mr. Palou has already indicated, AP hopes that the parties are able to amicably resolve this, and we look forward to discussing this matter with you.

Respectfully,

*/s/ Rachel E. Epstein*

Rachel E. Epstein

CC:  Alex Palou, ALPA Racing SL
     Thomas Werlen, Quinn Emanuel Urquhart & Sullivan (Schweiz) GmbH
     Douglas Duchardt, Chip Ganassi Racing, LLC

**Confidential Per Access to Court Records Rule 5 -
Not for Public Access**

Case 1:22-cv-01514-RLY-DML Document 2-7 Filed 02/16/22 Page 80 of 132 PageID #: 1670

Case 1:22-cv-01514-RLY-DML Document 2-7 Filed 02/16/22 Page 80 of 132 PageID #: 1670

Filed: 7/27/2022 6:33 PM
Clerk
Marion County, Indiana

Marion Superior Court 1

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-_____ |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT 7



# INDYCAR CHAMPION ALEX PALOU TO JOIN McLAREN RACING IN 2023

"I'm extremely excited to join the driver roster for such an iconic team as McLaren"

00:20
13.07.22

McLaren Racing has signed champion driver Alex Palou to race for McLaren starting in 2023.

Alongside his racing duties next year, Palou will also test with the McLaren F1 Team as part of its 2021 MCL35M F1 car testing programme with fellow drivers Pato O'Ward and Colton Herta.

Palou, 25-years-old from Barcelona, Spain, won three races and scored eight podiums in 2021 on his way to winning the title in just his second year in INDYCAR.

Palou became the first Spanish driver to win the NTT INDYCAR SERIES championship when he claimed last year's title. His motorsport resume also includes an impressive season in Super Formula in 2019, where he secured a win and finished third in the championship.

Palou will join McLaren following the conclusion of his 2022 INDYCAR season. McLaren Racing will confirm its full driver line-ups across all of its racing series in due course.

**Alex Palou, said:**

"I'm extremely excited to join the driver roster for such an iconic team as McLaren. I'm excited to be able to show what I can do behind the wheel of a Formula 1 car and looking at what doors that may open. I want to thank everyone at Chip Ganassi Racing for everything they

have done for me.

**Zak Brown, CEO, McLaren Racing, said:**

"We have always said that we want the best talent at McLaren, and it's exciting to be able to include Alex on that list. I'm also looking forward to seeing him get behind the wheel of a Formula 1 car as part of our Testing of Previous Cars (TPC) programme alongside Pato O'Ward and Colton Herta as we continue to build our driver talent. Alex is an incredibly talented driver who has won in every series he has raced in, and I'm happy to welcome him to the McLaren family."

## LTON TO TEST THE MCL35M
22-year-old American will take part in our Testing of Previous Cars (TPC) programme

D MORE (/RACING/TEAM/COLTON-HERTA-TEST-MCLAREN-FORMULA-1-TEAM-PORTIMAO/)

## Join the team

McLaren Plus is our free-to-join fan loyalty programme, bringing McLaren fans closer to the team with the most inclusive, rewarding and open-to-all fan programmes in motorsport.

Sign up now, or current members can amend their details in the form below if necessary.

### Already registered? Please enter your email address below to check your details.

Email*

Submit

### If not, sign up to McLaren Plus

First Name*

Last Name*

Email*

Gender*    Not specified

Country*    United Kingdom

Date of Birth*  [Day ▼]  [Month ▼]  [Year ▼]

*McLaren*

Don't miss out! We want you to be the first to know about competitions, news, offers and much more. By selecting the below boxes, you agree to the McLaren Plus privacy policy (https://www.mclaren.com/racing/inside-the-mtc/mclaren-plus-privacy-policy/).

☐ *Email

Stay up to date with all the latest McLaren Racing news.

☐ Formula 1

☐ INDYCAR

☐ Extreme E

☐ esports

Submit

---

OUR PARTNERS

**OKX** (https://www.mclaren.com/racing/partners/okx/)

**A BETTER TOMORROW** (https://www.mclaren.com/racing/partners/british-american-tobacco/)

**DELL Technologies** (https://www.mclaren.com/racing/partners/dell-technologies/)

**DARKTRACE** (https://www.mclaren.com/racing/partners/darktrace/)

**ARROW** (https://www.mclaren.com/racing/partners/arrow-electronics/)

**ʦ Tezos** (https://www.mclaren.com/racing/partners/tezos/)

**Goldman Sachs** (https://www.mclaren.com/racing/partners/goldman-sachs/)

**android 🤖** (https://www.mclaren.com/racing/partners/android/)

**webex by CISCO** (https://www.mclaren.com/racing/partners/cisco-webex/)

**Unilever** (https://www.mclaren.com/racing/partners/unilever/)

**splunk>** (https://www.mclaren.com/racing/partners/splunk/)

**Stanley Black & Decker** (https://www.mclaren.com/racing/partners/stanley-black-decker/)

**chrome** (https://www.mclaren.com/racing/partners/chrome/)

**alteryx** (https://www.mclaren.com/racing/partners/alteryx/)

**cādence** (https://www.mclaren.com/racing/partners/cadence/)

**smartsheet** (https://www.mclaren.com/racing/partners/smartsheet/)

**DataRobot** (https://www.mclaren.com/racing/partners/datarobot/)

**gopuff** (https://www.mclaren.com/racing/partners/gopuff/)

**Coca-Cola** (https://www.mclaren.com/racing/partners/coca-cola/)

**FxPro** (https://www.mclaren.com/racing/partners/fxpro/)

RICHARD MILLE (https://www.mclaren.com/racing/partners/richard-mille/)

Hilton (https://www.mclaren.com/racing/partners/Hilton/)

PARTY RESPONSIBLY
(https://www.mclaren.com/racing/partners/partyresponsibly/)

CNBC (https://www.mclaren.com/racing/partners/cnbc/)

Gulf (https://www.mclaren.com/racing/partners/gulf-oil-ltd/)

Medallia (https://www.mclaren.com/racing/partners/medallia/)

vmware (https://www.mclaren.com/racing/partners/vmware/)

CASTORE (https://www.mclaren.com/racing/partners/castore/)

easypost (https://www.mclaren.com/racing/partners/easypost/)

FREE FIRE (https://www.mclaren.com/racing/partners/free-fire/)

IMMERSIVELABS (https://www.mclaren.com/racing/partners/immersive-labs/)

Klipsch (https://www.mclaren.com/racing/partners/klipsch/)

TUMI (https://www.mclaren.com/racing/partners/tumi/)

Deloitte. (https://www.mclaren.com/racing/partners/deloitte/)

sikkens AkzoNobel (https://www.mclaren.com/racing/partners/AkzoNobel-Sikkens/)

 We're supporting mind (https://www.mclaren.com/racing/partners/mind/)

sparco (https://www.mclaren.com/racing/partners/Sparco/)

logitech G (https://www.mclaren.com/racing/partners/logitech-g/)

SunGod. (https://www.mclaren.com/racing/partners/sungod/)

FAI Aviation Group (https://www.mclaren.com/racing/partners/fai-aviation-group/)

ashurst (https://www.mclaren.com/racing/partners/ashurst/)

PIRELLI (https://www.mclaren.com/racing/partners/Pirelli/)

Mazak MACHINE TOOLS (https://www.mclaren.com/racing/partners/Mazak/)

stratasys (https://www.mclaren.com/racing/partners/stratasys/)

KAUST (https://www.mclaren.com/racing/partners/kaust/)

TECHNOGYM (https://www.mclaren.com/racing/partners/technogym/)

hookit (https://www.mclaren.com/racing/partners/hookit/)

NEOM (https://www.mclaren.com/racing/partners/neom/)

Merchants FLEET (https://www.mclaren.com/racing/partners/merchants-fleet/)

ALIENWARE (https://www.mclaren.com/racing/partners/alienware/)

VELOCE ESPORTS (https://www.mclaren.com/racing/partners/veloce-esports/)

NEW ERA (https://www.mclaren.com/racing/partners/new-era/)

sparco Gaming (https://www.mclaren.com/racing/partners/sparco-gaming/)

Ultimotive GROUP (https://www.mclaren.com/racing/partners/ultimotive/)

L'AMY LUXE (https://www.mclaren.com/racing/partners/lamy-luxe/)

vantage (https://www.mclaren.com/racing/partners/vantage/)

ice (https://www.mclaren.com/racing/partners/ice/)



All Partners (/racing/partners/)

(https://www.mclaren.com/racing/)

ARROW MCLAREN SP (HTTPS://ARROWMCLARENSP.COM/)

CONTACT US (/RACING/INFO/#CONTACT)

MEDIA CENTRE (HTTPS://WWW.MCLARENMEDIACENTRE.COM/ACCOUNTS/LOGIN/)

McLAREN GROUP CSR (HTTPS://WWW.MCLAREN.COM/GROUP/ABOUT/CORPORATE-SOCIAL-RESPONSIBILITY/)

SUSTAINABILITY (/RACING/SUSTAINABILITY/)

INVESTORS (HTTPS://INVESTORS.MCLAREN.COM/)

POLICIES (/RACING/INFO/#POLICIES)

PRIVACY (HTTPS://WWW.MCLAREN.COM/GROUP/PRIVACY/)

COOKIES* (HTTPS://WWW.MCLAREN.COM/GROUP/ABOUT/COOKIE-POLICY/)

JOBS (HTTPS://RACINGCAREERS.MCLAREN.COM/)

BLOG (/RACING/BLOG/)

DOWNLOADS (/RACING/DOWNLOADS/)

COMMUNITY CODE (/RACING/TEAM/MCLAREN-RACING-SOCIAL-MEDIA-COMMUNITY-CODE/)

ANTI-SLAVERY STATEMENT (HTTPS://STATIC-CDN.MCLAREN.COM/STATIC/PDF/ANTI-SLAVERY-STATEMENT.PDF)

(https://twitter.com/McLarenF1?
utm_source=mclaren.com&utm_medium=social&utm_campaign=5thdriver
)

(http://www.facebook.com/McLaren.Racing?
utm_source=mclaren.com&utm_medium=social&utm_campaign=facebook)

(http://instagram.com/mclaren/)

(https://uk.pinterest.com/McLarenRacing/)

(https://www.linkedin.com/company/mclaren-
racing-ltd)

(https://giphy.com/McLarenRacing)

(https://www.youtube.com/user/OfficialMcLarenVids?
utm_source=mclaren.com&utm_medium=social&utm_campaign=youtubechannel)

English ∨

McLaren © 2022

# INDIANA COMMERCIAL COURT

STATE OF INDIANA      )         MARION SUPERIOR COURT
                 ) SS:   CIVIL DIVISION, ROOM NO. 1
COUNTY OF MARION     )         CAUSE NO.  49D01-2207-PL-_____

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## VERIFIED MOTION TO MAINTAIN UNDER SEAL PLAINTIFF'S VERIFIED COMPLAINT AND SUPPORTING EXHIBITS 1, 2, 3 AND 6

Plaintiff Chip Ganassi Racing, LLC ("Ganassi"), pursuant to Indiana Access to Court Records Rules 5(B)(3) and 6, respectfully moves the Court to enter an order maintaining under seal and excluded from public access Plaintiff's Verified Complaint and its supporting Exhibits 1, 2, 3, and 6. In support of its Motion, Ganassi respectfully shows the Court:

1.   Attached is Plaintiff's Verified Complaint and supporting Exhibits 1, 2, 3, and 6 that Plaintiff seeks to exclude from public access.

2.   The narrative of Plaintiff's Verified Complaint as well as supporting Exhibits 1, 2, 3, and 6 contain confidential business information including, but not limited to, sensitive information that concerns—and is deemed confidential by—the parties' contractual agreements (which are Exs. 1 and 2 to the Verified Complaint).  Such confidential information includes the terms and conditions of the agreements and the parties' contractual relationship, as well as correspondence (Exs. 3 and 6) between the parties' regarding such agreements and relationship.

3.  Indiana Access to Court Records Rule 6(A) provides that a Court Record that would otherwise be publicly accessible may be excluded from public access upon clear and convincing evidence that:

> (1) The public interest will be substantially served by prohibiting access; or
>
> (2) Access or dissemination of the Court Record will create a significant risk of substantial harm to the requestor, other persons or the general public; or
>
> (3) A substantial prejudicial effect to on-going proceedings cannot be avoided without prohibiting public access.

4.  Here, dissemination of Ganassi's and Defendants' confidential business information concerning the parties' relationship and contractually confidential aspects of their agreements would create a significant risk of harm to Ganassi as an IndyCar racing organization, particularly because Ganassi's competitors could use this information to their benefit and to Ganassi's detriment.

5.  Further, sealing the Verified Complaint and Exhibits 1, 2, 3, and 6 would serve certain public policy purposes outlined in Indiana Access to Court Records Rule 1(B), including protecting proprietary business information and minimizing the risk of injury through using the court system.

6.  Pursuant to Indiana Access to Court Records Rule 6(B), Ganassi has given notice of the filing of the instant Motion *via* conventional service of this Motion as a courtesy by email on known counsel pending formal service of all case filings and Clerk-issued summonses.

7.  Ganassi requests that, pursuant to Access to Court Records Rule 6(C), the Court hold a hearing on this Motion and post a public notice of the hearing consistent with the notice requirements found in the Access to Public Records Act.

WHEREFORE, Ganassi respectfully moves the Court, pursuant to Indiana Access to Court Records Rule 5(B)(3) and Rule 6, to enter an order maintaining the Plaintiff's Verified Complaint with supporting Exhibits 1, 2, 3, and 6 under seal and excluded from public access and awarding all other just and appropriate relief.

Respectfully submitted on the 25th day of July, 2025, by counsel for Plaintiff Chip Ganassi Racing, LLC,

/s/ John R. Maley

John R. Maley (#14300-89)
Dylan A. Pittman (#32722-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:         317-236-1313
Fax:               317-231-7433
Email:         jmaley@btlaw.com
               dpittman@btlaw.com

/s/ James H. Voyles, Jr.

James H. Voyles, Jr. (#631-49)
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
One Indiana Square
211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana 46204
Telephone:         317-632-4463
Fax:               317-631-1199
Email:         jvoyles@voyleslegal.com

**VERIFICATION**

I, John R. Maley, do hereby affirm, under the penalties of perjury, that the facts alleged in the foregoing Motion are true to the best of my information, knowledge, and belief.

_/s/ John R. Maley_
John R. Maley

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-_____ |

CHIP GANASSI RACING, LLC,                )
                                         )
        Plaintiff,                   )
                                         )
    v.                                   )
                                         )
ALEX PALOU MONTALBO, and                 )
ALPA RACING, SL,                         )
                                         )
        Defendants.                  )

## NOTICE IDENTIFYING COMMERCIAL COURT DOCKET CASE

The undersigned states that this is a Commercial Court Docket Case eligible for assignment to the Commercial Court Docket pursuant to Rule 2 of the Indiana Commercial Court Rules.

Pursuant to Rule 4 of the Indiana Commercial Court Rules, the undersigned requests the Clerk of Court to assign this case to the Commercial Court Docket.

Respectfully submitted on the 25th day of July, 2022 by counsel for Plaintiff Chip Ganassi Racing, LLC,

/s/ John R. Maley                /s/ James H. Voyles, Jr.
John R. Maley (#14300-89)        James H. Voyles, Jr. (#631-49)
Dylan A. Pittman (#32722-49)      VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
BARNES & THORNBURG LLP       One Indiana Square
11 South Meridian Street          211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana  46204       Indianapolis, Indiana  46204
Telephone:   317-236-1313      Telephone:   317-632-4463
Fax:         317-231-7433      Fax:         317-631-1199
Email:      jmaley@btlaw.com      Email:      jvoyles@voyleslegal.com
           dpittman@btlaw.com

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-_____ |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF EXCLUSION OF CONFIDENTIAL INFORMATION
## FROM PUBLIC ACCESS

Contemporaneously with the tender of this Notice, Plaintiff has moved to exclude from public access confidential information in accordance with the Indiana Rules of Access to Court Records. Plaintiff provides this notice that the confidential information contained in Exhibits 1, 2, 3, and 6 to Plaintiff's Verified Complaint are to remain excluded from public access in accordance with authority listed below:

| Name or description of document tendered as confidential | ACR grounds for exclusion. |
|---|---|
| Exhibit 1 to Plaintiff's Verified Complaint | Rule 5(B)(3) and Rule 6 |
| Exhibit 2 to Plaintiff's Verified Complaint | Rule 5(B)(3) and Rule 6 |
| Exhibit 3 to Plaintiff's Verified Complaint | Rule 5(B)(3) and Rule 6 |
| Exhibit 6 to Plaintiff's Verified Complaint | Rule 5(B)(3) and Rule 6 |

Respectfully submitted on the 25th day of July, 2055 by counsel for Plaintiff Chip Ganassi Racing, LLC.

*/s/ John R. Maley*

John R. Maley (#14300-89)

Dylan A. Pittman (#32722-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:          317-236-1313
Fax:                      317-231-7433
Email:          jmaley@btlaw.com
                      dpittman@btlaw.com

*/s/ James H. Voyles, Jr.*

James H. Voyles, Jr. (#631-49)

VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
One Indiana Square
211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana  46204
Telephone:          317-632-4463
Fax:                      317-631-1199
Email:          jvoyles@voyleslegal.com

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO. 49D01-2207-PL-024895 |

|  |  |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating __**X**__            Responding _____            Intervening _____ ; and
   the undersigned attorney and all attorneys listed on this form now appear in this case  for the
   following parties:

   Name of party:  **Plaintiff, Chip Ganassi Racing, LLC**

   Address of party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*,

   Telephone # of party:  **Chip Ganassi Racing, LLC may be contacted through the undersigned counsel.**

   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   | | | | |
   |---|---|---|---|
   | Name: | Dylan A. Pittman | Atty Number: | 32722-49 |
   | Address: | Barnes & Thornburg LLP | Phone: | (317) 236-1313 |
   | | 11 South Meridian Street | Fax: | (317) 231-7433 |
   | | Indianapolis, Indiana 46204 | Email: | dpittman@btlaw.com |

   **IMPORTANT**:  Each attorney specified on this appearance:
   (a)      certifies that the contact information listed for him/her on the Indiana Supreme
            Court Roll of Attorneys is current and accurate as of the date of this Appearance;
   (b)      **acknowledges that all orders, opinions, and notices from the court in this**

**APPEARANCE BY ATTORNEY (CIVIL CASE) – Continuation Page**

> matter that are served under Trial Rule 86(G) **will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

   (c)   understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a **PL** case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes __ No **X** __ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on light green paper. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes _____ No **X** *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

   _____   Attorney's address
   _____   The Attorney General Confidentiality program address
                 (contact the Attorney General at 1-800-321-1907
                 or e-mail address is confidential@atg.state.in.us).
   _____   Another address (provide)

_____

6. This case involves a petition for involuntary commitment. Yes _____ No **X**

7. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

   a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

   b.  State of Residence of person subject to petition: _____

   c.  At least one of the following pieces of identifying information:
      (i)   Date of Birth _____
      (ii)  Driver's License Number _____
           State where issued _____ Expiration date _____
      (iii) State ID number _____
           State where issued _____ Expiration date _____
      (iv) FBI number _____
      (v)  Indiana Department of Corrections Number _____
      (vi) Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

**APPEARANCE BY ATTORNEY (CIVIL CASE) – Continuation Page**

8.  There are related cases: Yes _____    No __**X**__ *(If yes, list on continuation page.)*

9.  Additional information required by local rule: _____N/A_____

10. There are other party members: Yes _____ No __**X**__ *(If yes, list on continuation page.)*

11. This form has been served on all counsel of record and Certificate of Service is attached:
    Yes __**X**__  No ___

<u>July 26, 2022</u>

Respectfully submitted,

_____*/s/ Dylan A. Pittman*_____
Dylan A. Pittman (32722-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:      317-236-1313
Facsimile:      317-231-7433
Email:          dpittman@btlaw.com

*Attorney for Plaintiff*
*Chip Ganassi Racing, LLC*

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO. 49D01-2207-PL-024895 |

|  |  |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating __**X**__ Responding _____ Intervening ____ ; and
   the undersigned attorney and all attorneys listed on this form now appear in this case for the
   following parties:

   Name of party: **Plaintiff, Chip Ganassi Racing, LLC**

   Address of party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*,

   Telephone # of party: **Chip Ganassi Racing, LLC may be contacted through the undersigned counsel.**

   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   | | | | |
   |---|---|---|---|
   | Name: | Mark R. Owens | Atty Number: | 26195-49 |
   | Address: | Barnes & Thornburg LLP | Phone: | (317) 231-7459 |
   | | 11 South Meridian Street | Fax: | (317) 231-7433 |
   | | Indianapolis, Indiana 46204 | Email: | mowens@btlaw.com |

   **IMPORTANT**: Each attorney specified on this appearance:
   (a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;
   (b) **acknowledges that all orders, opinions, and notices from the court in this**

**APPEARANCE BY ATTORNEY (CIVIL CASE) – Continuation Page**

                 **matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)        understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a **PL** case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes ___ No **X** ___ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on light green paper. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes _____ No **X** *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

        _____         Attorney's address
        _____         The Attorney General Confidentiality program address
                           (contact the Attorney General at 1-800-321-1907
                           or e-mail address is confidential@atg.state.in.us).
        _____         Another address (provide)

6. This case involves a petition for involuntary commitment. Yes _____ No **X**

7. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a.   Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

b.   State of Residence of person subject to petition: _____

c.   At least one of the following pieces of identifying information:
    (i)   Date of Birth _____
    (ii)  Driver's License Number _____
          State where issued _____ Expiration date _____
    (iii) State ID number _____
          State where issued _____ Expiration date _____
    (iv) FBI number _____
    (v)  Indiana Department of Corrections Number _____
    (vi) Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

**APPEARANCE BY ATTORNEY (CIVIL CASE) – Continuation Page**

8.   There are related cases: Yes _____     No __**X**__ *(If yes, list on continuation page.)*

9.   Additional information required by local rule: _____N/A_____

10.  There are other party members: Yes _____ No __**X**__ *(If yes, list on continuation page.)*

11.  This form has been served on all counsel of record and Certificate of Service is attached:
     Yes __**X**__  No ____

<u>July 26, 2022</u>

                                        Respectfully submitted,

                                        ____*/s/ Mark R. Owens*_____
                                        Mark R. Owens (26195-49)
                                        BARNES & THORNBURG LLP
                                        11 South Meridian Street
                                        Indianapolis, Indiana  46204
                                        Telephone:      317-231-7459
                                        Facsimile:      317-231-7433
                                        Email:          mowens@btlaw.com

                                        *Attorney for Plaintiff*
                                        *Chip Ganassi Racing, LLC*

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-024895 |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel for Defendants have been served with courtesy copies of Plaintiff's July 25, 2022 initial case filings, including:

(1)     Appearance of John R. Maley;

(2)     Appearance of James Voyles, Jr.

(3)     Commercial Court Notice

(4)     Verified Motion to Seal Plaintiff's Verified Complaint and Exhibits 1, 2, 3, and 6

(5)     Plaintiff's Verified Complaint with Exhibits 1 through 7 (Complaint and Exhibits 1, 2, 3, and 6 *Filed Under Seal* and marked Confidential Per Indiana Public Access Rule 5 – Not for Public Access)

(6)     Proposed Order on Motion to Seal

(7)     Notice of Exclusion

Specifically, a courtesy copy of the above-referenced as-filed initial case filings was served on Rachel E. Epstein in care of Quinn Emanuel via rachelepstein@quinnemanuel.com.

Respectfully submitted on 26th day of July, 2022 by counsel for Plaintiff Chip Ganassi

Racing, LLC.

/s/ John R. Maley                    /s/ James H. Voyles, Jr.
John R. Maley (#14300-89)            James H. Voyles, Jr. (#631-49)
Dylan A. Pittman (#32722-49)         VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
BARNES & THORNBURG LLP               One Indiana Square
11 South Meridian Street             211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana  46204         Indianapolis, Indiana  46204
Telephone:    317-236-1313           Telephone:    317-632-4463
Fax:          317-231-7433           Fax:          317-631-1199
Email:        jmaley@btlaw.com       Email:        jvoyles@voyleslegal.com
              dpittman@btlaw.com

# INDIANA COMMERCIAL COURT

STATE OF INDIANA        )        MARION SUPERIOR COURT
                          ) SS:     CIVIL DIVISION, ROOM NO. 1
COUNTY OF MARION      )        CAUSE NO.  49D01-2207-PL-24895

CHIP GANASSI RACING, LLC,      )
                                  )
           Plaintiff,            )
                                  )
          v.                    )
                                  )
ALEX PALOU MONTALBO, and      )
ALPA RACING, SL,              )
                                  )
         Defendants.         )

## EMERGENCY MOTION FOR EXPEDITED DISCOVERY

In this action in which Plaintiff Chip Ganassi Racing, LLC, seeks preliminary injunctive relief against its under-contract driver, Ganassi seeks expedited discovery to prepare for a prompt preliminary injunction hearing.  Discovery is necessary to prepare for the preliminary injunction hearing, and Ganassi files this motion seeking permission to formally serve interrogatories, document requests, and requests for admission upon Defendants, respectively; a deposition notice upon Palou; and non-party document requests upon McLaren Indy, LLC, and McLaren Racing.  Ganassi has filed its Verified Complaint, with courtesy service on Defendants' designated counsel, and Ganassi is making service upon Palou, individually, and his related entity, ALPA Racing, SL, by service on them directly and again *via* their designated counsel.  Ganassi seeks to obtain basic written discovery from Defendants on an expedited basis, immediately take the depositions of Individual Defendant Palou and designated representatives of ALPA, take necessary third-party discovery, and proceed to a preliminary injunction hearing.

To expedite this action, Ganassi requests that Defendants be ordered to respond to Ganassi's discovery requests completely and without evasion within 14 days from service.  Ganassi requests that

third-party discovery be expedited such that the third-party discovery waiting period of Trial Rule

34(C)(2) be waived, and with responses also due within 14 days.

Respectfully submitted by counsel for Plaintiff Chip Ganassi Racing, LLC.

*/s/ John R. Maley*                         */s/ James H. Voyles, Jr.*
John R. Maley (#14300-89)                  James H. Voyles, Jr. (#631-49)
Dylan A. Pittman (#32722-49)               VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
BARNES & THORNBURG LLP                     One Indiana Square
11 South Meridian Street                   211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana  46204               Indianapolis, Indiana  46204
Telephone:    317-236-1313                 Telephone:    317-632-4463
Fax:          317-231-7433                 Fax:          317-631-1199
Email:        jmaley@btlaw.com             Email:        jvoyles@voyleslegal.com
              dpittman@btlaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 26, 2022, a true and correct copy of the foregoing was filed with the Court using the Indiana E-Filing System ("IEFS").  The following counsel will receive courtesy service of the foregoing *via* email:

<div align="center">

Rachel Epstein, Esq.
Quinn Emanuel Trial Lawyers
51 Madison Avenue
22nd Floor
New York, New York 10010-1601
rachelepstein@quinnemanuel.com

</div>

  Copies of the foregoing will be transmitted via Federal Express overnight delivery and/or certified mail, return receipt requested to Defendants upon issuance by the Clerk of file-marked Summonses as noted:

<div align="center">

Alex Palou Montalbo
and ALPA Racing USA LLC
350 Monon Blvd
Apt. 438
Carmel, IN 46032
*(Via Federal Express overnight delivery and Via certified mail return receipt requested)*

ALPA Racing, SL
C/Queralt, no1 08459
Barcelona, Spain
*(Via Federal Express international overnight delivery)*

Alex Palou Montalbo
C/Queralt, no1 08459
Barcelona, Spain
*(Via Federal Express international overnight delivery)*

Courtesy Copy to Roger Yasukawa – rogeryh@icloud.com

</div>

<div align="right">

   */s/ John R. Maley*    
John R. Maley

</div>

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-24895 |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## VERIFIED MOTION TO MAINTAIN UNDER SEAL
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Chip Ganassi Racing, LLC ("Ganassi"), pursuant to Indiana Access to Court Records Rules 5(B)(3) and 6, respectfully moves the Court to enter an order maintaining under seal and excluded from public access Plaintiff's Motion for Preliminary Injunction.  In support of its Motion, Ganassi respectfully shows the Court:

1.  Attached as Exhibit A is Plaintiff's Motion for Preliminary Injunction that Plaintiff seeks to exclude from public access.

2.  The narrative of Plaintiff's Motion for Preliminary Injunction contains confidential business information including, but not limited to, sensitive information that concerns—and is deemed confidential by—the parties' contractual agreements (which are Exs. 1 and 2 to the Verified Complaint).  Such confidential information includes the terms and conditions of the agreements and the parties' contractual relationship, as well as correspondence (Exs. 3 and 6) between the parties' regarding such agreements and relationship.

3.  Indiana Access to Court Records Rule 6(A) provides that a Court Record that would otherwise be publicly accessible may be excluded from public access upon clear and convincing evidence that:

> (1) The public interest will be substantially served by prohibiting access; or
>
> (2) Access or dissemination of the Court Record will create a significant risk of substantial harm to the requestor, other persons or the general public; or
>
> (3) A substantial prejudicial effect to on-going proceedings cannot be avoided without prohibiting public access.

4.  Here, dissemination of Ganassi's and Defendants' confidential business information concerning the parties' relationship and contractually confidential aspects of their agreements would create a significant risk of harm to Ganassi as an IndyCar racing organization, particularly because Ganassi's competitors could use this information to their benefit and to Ganassi's detriment.

5.  Further, sealing the Motion for Preliminary Injunction would serve certain public policy purposes outlined in Indiana Access to Court Records Rule 1(B), including protecting proprietary business information and minimizing the risk of injury through using the court system.

6.  Pursuant to Indiana Access to Court Records Rule 6(B), Ganassi has given notice of the filing of the instant Motion *via* conventional service of this Motion as a courtesy by email on known counsel pending formal service of all case filings and Clerk-issued summonses.

7.  Ganassi requests that, pursuant to Access to Court Records Rule 6(C), the Court hold a hearing on this Motion and post a public notice of the hearing consistent with the notice requirements found in the Access to Public Records Act.

WHEREFORE, Ganassi respectfully moves the Court, pursuant to Indiana Access to Court Records Rule 5(B)(3) and Rule 6, to enter an order maintaining the Plaintiff's Motion for Preliminary Injunction (Exhibit A) under seal and excluded from public access and awarding all other just and appropriate relief.

Respectfully submitted on the 26th day of July, 2022, by counsel for Plaintiff Chip Ganassi Racing, LLC.

2

/s/ *John R. Maley*
John R. Maley (#14300-89)
Dylan A. Pittman (#32722-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:          317-236-1313
Fax:                317-231-7433
Email:              jmaley@btlaw.com
                    dpittman@btlaw.com

/s/ *James H. Voyles, Jr.*
James H. Voyles, Jr. (#631-49)
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
One Indiana Square
211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana  46204
Telephone:          317-632-4463
Fax:                317-631-1199
Email:              jvoyles@voyleslegal.com

**<u>VERIFICATION</u>**

I, John R. Maley, do hereby affirm, under the penalties of perjury, that the facts alleged in the foregoing Motion are true to the best of my information, knowledge, and belief.

_/s/ John R. Maley_
John R. Maley

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 26, 2022, a true and correct copy of the foregoing was filed with

the Court using the Indiana E-Filing System ("IEFS").  The following counsel will receive courtesy

service of the foregoing *via* email:

Rachel Epstein, Esq.
Quinn Emanuel Trial Lawyers
51 Madison Avenue
22nd Floor
New York, New York 10010-1601
rachelepstein@quinnemanuel.com

Copies of the foregoing will be transmitted via Federal Express overnight delivery and/or

certified mail, return receipt requested to Defendants upon issuance by the Clerk of file-marked

Summonses as noted:

Alex Palou Montalbo
and ALPA Racing USA LLC
350 Monon Blvd
Apt. 438
Carmel, IN 46032
*(Via Federal Express overnight delivery and Via certified mail return receipt requested)*

ALPA Racing, SL
C/Queralt, no1 08459
Barcelona, Spain
*(Via Federal Express international overnight delivery)*

Alex Palou Montalbo
C/Queralt, no1 08459
Barcelona, Spain
*(Via Federal Express international overnight delivery)*

Courtesy Copy to Roger Yasukawa – rogeryh@icloud.com

    */s/ John R. Maley*
John R. Maley

Case 1:22-cv-01514-RLY-DML   Document 34   Filed 09/23/22   Page 109 of 132   PageID #: 399

Case 1:22-cv-01514-RLY-DML   Document 1-3   Filed 07/30/22   Page 109 of 132   PageID #: 443   Filed: 12/8/2022 3:40 PM
Clerk
Marion County, Indiana

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-24895 |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

# EXHIBIT A

# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

# Confidential Per Access to Court Records Rule 5 – Not for Public Access

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-24895 |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Confidential Per Access to Court** |
| | ) **Records Rule 5 – Not for Public Access** |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## <u>MOTION FOR PRELIMINARY INJUNCTION</u>

Plaintiff Chip Ganassi Racing, LLC ("Ganassi"), by counsel, respectfully requests that the Court enter preliminary injunctive relief, outlined below, against Defendants Alex Palou Montalbo ("Palou") and ALPA Racing, SL ("ALPA").  In support of this motion, Ganassi states as follows:

1.  This is a straightforward dispute involving a professional race-car driver's contractual and other obligations to provide services for Ganassi's IndyCar team.  The driver, Alex Palou, and the entity holding exclusive rights to contract on his behalf, ALPA, signed a Driver Agreement and Sponsorship Agreement with Ganassi.  (True and accurate copies of the Driver Agreement and Sponsorship Agreement are attached as Exhibits 1 and 2, respectively, to Ganassi's Verified Complaint for Injunctive Relief.)  Among other things, Palou agreed to race and provide other services for Ganassi's IndyCar team from November 1, 2020, until December 31, 2022—or, if Ganassi provided written notice of extension—until December 31, **2023**.

2.  Ganassi provided such notice by letter dated July 11, 2022.  The Agreements are thus extended, as of July 11, through the end of 2023.  Yet within 48 hours after the extension notice, various sources (including lawyers for Palou and ALPA) declared Ganassi that Palou intends not to honor the

extension and intends instead to race in 2023 for a competitor, McLaren.  This is a clear repudiation and violation of Palou's obligations, which have no exception allowing the prominent race car driver to skip an entire year of duties, defect to a competitor, and cause Ganassi irreparable harm.

3.   Palou and ALPA have breached, are breaching, and will likely breach various key contractual obligations, as outlined in the Verified Complaint.  These include, among others,   (Ex. 1, ¶ 3); provide various other services, benefits, and rights, related to sponsorship or otherwise, to Ganassi during the Term (*e.g.*, Ex. 2, ¶¶ 1, 4-5); refrain from "directly or indirectly negotiat[ing] with or mak[ing] any agreement to provide the professional services of [Palou] in any motorsports-related capacity after the Term with any third-party" until "September 1, 2023" (Ex. 1, ¶ 1); refrain during the Term from "race car driving for any other … entity" or "provid[ing] [Palou's] services for testing, practicing, qualifying or racing in any motor racing activity or related activity" (*id.*, ¶¶ 16(B), 18);  (*id.*, ¶ 8(A)); refrain during the Term from "be[ing] sponsored by any company" or "authoriz[ing] … the use of" Palou's "name, signature, voice, likeness, photograph, caricature, image, biographical material, and endorsement" (Ex. 2 at p. 1); *etc.*

4.   As outlined in the Verified Complaint, which is incorporated by reference here, Ganassi brings claims for breach of contract and breach of duty of loyalty / fiduciary duty and seeks preliminary injunctive relief to remedy irreparable harm.

5.   Time is of the essence in this matter.  Ganassi lacks an adequate remedy at law, and is suffering irreparable harm.  Speed in adjudicating this matter to a preliminary injunction is required to remedy the irreparable harm that Palou—in whom Ganassi invested significant time, effort, and resources— is inflicting and will inflict upon Ganassi by skipping an entire year of driving, sponsorship, and other

obligations to Ganassi, and instead jumping ship to a competitor.  As Palou's Agreements affirm, Palou has "has exceptional and unique skill and ability and identity as a professional race car Driver"; his "services to be rendered hereunder are of a special, unusual and extraordinary character which gives them peculiar value which cannot be reasonably or adequately compensated for in damages at law"; and "breach of th[e] Driver Agreement will cause [Ganassi] great and irreparable injury and damage."  (Ex. 1, ¶ 16(B); *see also* Ex. 2, ¶ 5(D).)  Ganassi seeks to enforce its rights accordingly.

6.    Ganassi seeks preliminary injunctive relief requiring Palou and ALPA to abide obligations to:

a)    drive for Ganassi until the Agreements' Term ends on December 31, 2023;

b)    perform services diligently and faithfully for Ganassi until the Term ends;

c)    render sponsorship and other services, as set forth in the Sponsorship Agreement's Sections 4 and 5, until the Term ends;

d)    refrain from race car driving for any other person, entity, or organization until the Term ends, without Ganassi's prior written approval;

e)    refrain from providing Palou's services for testing, practicing, qualifying or racing in any motor racing activity or related activity other than those specified and/or contemplated in the Driver Agreement for any other person, firm, corporation, or entity until the Term ends, without Ganassi's prior written approval;

f)    directly or indirectly negotiating for or making any agreement to provide the professional services of Palou in any motorsports-related capacity after the Term with any third party until after September 1, 2023;

g)    ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████

h)   refrain from being sponsored by any company, entity, and/or person, until the Term ends, without Ganassi's prior written consent;

i)   refrain from authorizing the use of Palou's name, signature, voice, likeness, photograph, caricature, image, biographical material, or endorsement of Palou until the Term ends, without Ganassi's prior written consent;

j)   refrain from authorizing or permitting use of the name of Palou, or any derivation thereof, his voice, likeness, marks, or photographs in connection with any advertising, marketing, promotion, publicity or sales activity of any nature or kind until the Term ends, without Ganassi's prior written approval.

7.   Ganassi will support this Motion with a brief and evidence at or prior to the preliminary injunction hearing, or in the form of a post-hearing brief, at the direction of the Court.  Ganassi will post adequate security in the form of bond or letter of credit in an amount deemed required by the Court.  Further, Ganassi will support its request for injunctive relief with an affidavit verifying the pleading allegations.

Respectfully submitted by counsel for Plaintiff Chip Ganassi Racing, LLC.

/s/ John R. Maley
John R. Maley (#14300-89)
Dylan A. Pittman (#32722-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:    317-236-1313
Fax:             317-231-7433
Email:          jmaley@btlaw.com
                    dpittman@btlaw.com

/s/ James H. Voyles, Jr.
James H. Voyles, Jr. (#631-49)
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
One Indiana Square
211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana  46204
Telephone:    317-632-4463
Fax:             317-631-1199
Email:          jvoyles@voyleslegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2022, a true and correct copy of the foregoing was filed with the Court using the Indiana E-Filing System ("IEFS"). The following counsel will receive courtesy service of the foregoing *via* email:

Rachel Epstein, Esq.
Quinn Emanuel Trial Lawyers
51 Madison Avenue
22nd Floor
New York, New York 10010-1601
rachelepstein@quinnemanuel.com

Copies of the foregoing will be transmitted via Federal Express overnight delivery and/or certified mail, return receipt requested to Defendants upon issuance by the Clerk of file-marked Summonses as noted:

Alex Palou Montalbo
and ALPA Racing USA LLC
350 Monon Blvd
Apt. 438
Carmel, IN 46032
*(Via Federal Express overnight delivery and Via certified mail return receipt requested)*

ALPA Racing, SL
C/Queralt, no1 08459
Barcelona, Spain
*(Via Federal Express international overnight delivery)*

Alex Palou Montalbo
C/Queralt, no1 08459
Barcelona, Spain
*(Via Federal Express international overnight delivery)*

Courtesy Copy to Roger Yasukawa – rogeryh@icloud.com

    */s/ John R. Maley*
John R. Maley

# INDIANA COMMERCIAL COURT

| STATE OF INDIANA | ) | | MARION SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | | CAUSE NO.  49D01-2207-PL-24895 |

|  |  |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF EXCLUSION OF CONFIDENTIAL INFORMATION
## FROM PUBLIC ACCESS

Contemporaneously with the tender of this Notice, Plaintiff has moved to exclude from public access confidential information in accordance with the Indiana Rules of Access to Court Records. Plaintiff provides this notice that the confidential information contained in Plaintiff's Motion for Preliminary Injunction is to remain excluded from public access in accordance with authority listed below:

| Name or description of document tendered as confidential | ACR grounds for exclusion. |
|---|---|
| Plaintiff's Motion for Preliminary Injunction (which is Exhibit A to Plaintiff's Motion to Maintain Under Seal Motion for Preliminary Injunction) | Rule 5(B)(3) and Rule 6 |

Respectfully submitted on the 26th day of July, 2022 by counsel for Plaintiff Chip Ganassi

Racing, LLC.

| | |
|---|---|
| */s/ John R. Maley* | */s/ James H. Voyles, Jr.* |
| John R. Maley (#14300-89) | James H. Voyles, Jr. (#631-49) |
| Dylan A. Pittman (#32722-49) | VOYLES VAIANA LUKEMEYER BALDWIN & WEBB |
| BARNES & THORNBURG LLP | One Indiana Square |
| 11 South Meridian Street | 211 North Pennsylvania Street, Suite 2400 |
| Indianapolis, Indiana  46204 | Indianapolis, Indiana  46204 |
| Telephone:        317-236-1313 | Telephone:        317-632-4463 |
| Fax:                317-231-7433 | Fax:                317-631-1199 |
| Email:        jmaley@btlaw.com | Email:        jvoyles@voyleslegal.com |
|                 dpittman@btlaw.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2022, a true and correct copy of the foregoing was filed with the Court using the Indiana E-Filing System ("IEFS"). The following counsel will receive courtesy service of the foregoing *via* email:

<div align="center">

Rachel Epstein, Esq.
Quinn Emanuel Trial Lawyers
51 Madison Avenue
22nd Floor
New York, New York 10010-1601
rachelepstein@quinnemanuel.com

</div>

Copies of the foregoing will be transmitted via Federal Express overnight delivery and/or certified mail, return receipt requested to Defendants upon issuance by the Clerk of file-marked Summonses as noted:

<div align="center">

Alex Palou Montalbo
and ALPA Racing USA LLC
350 Monon Blvd
Apt. 438
Carmel, IN 46032
*(Via Federal Express overnight delivery and Via certified mail return receipt requested)*

ALPA Racing, SL
C/Queralt, no1 08459
Barcelona, Spain
*(Via Federal Express international overnight delivery)*

Alex Palou Montalbo
C/Queralt, no1 08459
Barcelona, Spain
*(Via Federal Express international overnight delivery)*

Courtesy Copy to Roger Yasukawa – rogeryh@icloud.com

</div>

<div align="right">

    */s/ John R. Maley*        
John R. Maley

</div>

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO. 49D01-2207-PL-24895 |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## REQUEST FOR PROMPT HEARING ON
## PRELIMINARY INJUNCTION

Plaintiff Chip Ganassi Racing, LLC, by counsel, respectfully requests a prompt hearing on its

Motion for Preliminary Injunction. Plaintiff estimates two hours would be sufficient for the hearing,

and requests that it be set before the end of August.

Respectfully submitted by counsel for Plaintiff Chip Ganassi Racing, LLC,

/s/ John R. Maley
John R. Maley (#14300-89)
Dylan A. Pittman (#32722-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:    317-236-1313
Fax:          317-231-7433
Email:        jmaley@btlaw.com
              dpittman@btlaw.com

/s/ James H. Voyles, Jr.
James H. Voyles, Jr. (#631-49)
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
One Indiana Square
211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana 46204
Telephone:    317-632-4463
Fax:          317-631-1199
Email:        jvoyles@voyleslegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2022, a true and correct copy of the foregoing was filed with the Court using the Indiana E-Filing System ("IEFS"). The following counsel will receive courtesy service of the foregoing *via* email:

Rachel Epstein, Esq.
Quinn Emanuel Trial Lawyers
51 Madison Avenue
22nd Floor
New York, New York 10010-1601
rachelepstein@quinnemanuel.com

Copies of the foregoing will be transmitted via Federal Express overnight delivery and/or certified mail, return receipt requested to Defendants upon issuance by the Clerk of file-marked Summonses as noted:

Alex Palou Montalbo
and ALPA Racing USA LLC
350 Monon Blvd
Apt. 438
Carmel, IN 46032
*(Via Federal Express overnight delivery and Via certified mail return receipt requested)*

ALPA Racing, SL
C/Queralt, no1 08459
Barcelona, Spain
*(Via Federal Express international overnight delivery)*

Alex Palou Montalbo
C/Queralt, no1 08459
Barcelona, Spain
*(Via Federal Express international overnight delivery)*

Courtesy Copy to Roger Yasukawa – rogeryh@icloud.com

        */s/ John R. Maley*
John R. Maley

**INDIANA COMMERCIAL COURT**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-24895 |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

**To Defendant:   Alex Palou Montalbo**
**C/Queralt, no1 08459**
**Barcelona, Spain**

# SUMMONS

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within TWENTY (20) days, commencing the day after you receive this Summons, (or Twenty-Three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: 7/26/2022

_Myla A. Eldridge_

(Seal)

Clerk, Marion Circuit and Superior Courts

**(The following manner of service of summons is hereby designated.)**

| | |
|---|---|
| _____ | Registered or certified mail. |
| _____ | Service at place of employment, to-wit: |
| _____ | Service on individual (Personal or copy) at above address. |
| _____ | Service on agent. |
| __X__ | Other service.  **(Federal Express International overnight courier)** |

_/s/ John R. Maley_
John R. Maley (#14300-89)
Dylan A. Pittman (#32722-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:      317-236-1313
Fax:               317-231-7433
Email:           jmaley@btlaw.com
                   dpittman@btlaw.com

_/s/ James H. Voyles, Jr._
James H. Voyles, Jr. (#631-49)
VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
One Indiana Square
211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana  46204
Telephone:      317-632-4463
Fax:               317-631-1199
Email:           jvoyles@voyleslegal.com

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2022:

(1)      By delivering a copy of the Summons and a copy of the Complaint to the Defendant,
_____
_____

(2)      By leaving a copy of the Summons and a copy of the Complaint at
_____
_____

(3)      Other service or remarks:
_____

Sheriff's Costs: _____      By:_____
                                                     Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2022, I mailed a copy of this Summons and a copy of the Complaint to the Defendant, by certified mail, requesting a return receipt at the address furnished by the Plaintiff.


Date:_____         _____
                                  Clerk, Circuit/Superior Court


                                  By:_____
                                                    Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by the Defendant on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint were returned not accepted on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, on behalf of said Defendant on the _____ day of _____, 2022.


                                  _____
                                  Clerk, _____ Circuit/Superior Court

Date:_____      By:_____
                                                    Deputy

**INDIANA COMMERCIAL COURT**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-24895 |

| | |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

**To Defendant:   Alex Palou Montalbo**
**and ALPA Racing USA LLC**
**350 Monon Boulevard, Apt. 438**
**Carmel, IN 46032**

# SUMMONS

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within TWENTY (20) days, commencing the day after you receive this Summons, (or Twenty-Three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.     7/26/2022

Dated:_____

*Myla A. Eldridge*

_____ (Seal)
Clerk, Marion Circuit and Superior Courts

MARION COUNTY COURTS
SEAL
INDIANA

**(The following manner of service of summons is hereby designated.)**

|     |     |
|---|---|
| __X__ | Registered or certified mail. |
| _____ | Service at place of employment, to-wit: |
| _____ | Service on individual (Personal or copy) at above address. |
| _____ | Service on agent. |
| __X__ | Other service.  **(Federal Express overnight courier)** |

*/s/ John R. Maley*
John R. Maley (#14300-89)
Dylan A. Pittman (#32722-49)
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:    317-236-1313
Fax:               317-231-7433
Email:            jmaley@btlaw.com
                      dpittman@btlaw.com

*/s/ James H. Voyles, Jr.*
James H. Voyles, Jr. (#631-49)
Voyles Vaiana Lukemeyer Baldwin & Webb
One Indiana Square
211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana  46204
Telephone:    317-632-4463
Fax:               317-631-1199
Email:            jvoyles@voyleslegal.com

# SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2022:

(1)    By delivering a copy of the Summons and a copy of the Complaint to the Defendant,

_____

_____

(2)    By leaving a copy of the Summons and a copy of the Complaint at

_____

_____

(3)    Other service or remarks:

_____

Sheriff's Costs: _____        By:_____
                                                          Deputy

# CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2022, I mailed a copy of this Summons and a copy of the Complaint to the Defendant, by certified mail, requesting a return receipt at the address furnished by the Plaintiff.

Date:_____

_____
Clerk, Circuit/Superior Court


By:_____
                Deputy

# RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by the Defendant on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint were returned not accepted on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, on behalf of said Defendant on the _____ day of _____, 2022.

_____
Clerk, _____ Circuit/Superior Court

Date:_____

By:_____
                Deputy

Case 1:22-cv-01514-RLY-DML Document 34 File 05/09/23 Page 124 of 132 PageID #144
Case 1:22-cv-01514-RLY-DML Document 34 Filed 05/09/23 Page 124 of 132 PageID #144
414

**INDIANA COMMERCIAL COURT**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO. 49D01-2207-PL-24895 |

CHIP GANASSI RACING, LLC,  )
)
        Plaintiff,  )
)
    v.  )
)
ALEX PALOU MONTALBO, and  )
ALPA RACING, SL,  )
)
        Defendants.  )

**To Defendant:**   **ALPA Racing, SL**
              **C/Queralt, no1 08459**
              **Barcelona, Spain**

# SUMMONS

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within TWENTY (20) days, commencing the day after you receive this Summons, (or Twenty-Three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: __7/26/2022__

                                *Myla A. Eldridge*   (Seal)
                        Clerk, Marion Circuit and Superior Courts

**MARION COUNTY COURTS**
**SEAL**
**INDIANA**

**(The following manner of service of summons is hereby designated.)**

_____   Registered or certified mail.
_____   Service at place of employment, to-wit:
_____   Service on individual (Personal or copy) at above address.
_____   Service on agent.
__X__   Other service. **(Federal Express International overnight courier)**

*/s/ John R. Maley*                        */s/ James H. Voyles, Jr.*
John R. Maley (#14300-89)             James H. Voyles, Jr. (#631-49)
Dylan A. Pittman (#32722-49)         VOYLES VAIANA LUKEMEYER BALDWIN & WEBB
BARNES & THORNBURG LLP           One Indiana Square
11 South Meridian Street               211 North Pennsylvania Street, Suite 2400
Indianapolis, Indiana 46204           Indianapolis, Indiana 46204
Telephone:   317-236-1313         Telephone:   317-632-4463
Fax:         317-231-7433         Fax:         317-631-1199
Email:       jmaley@btlaw.com       Email:       jvoyles@voyleslegal.com
                dpittman@btlaw.com

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2022:

(1)     By delivering a copy of the Summons and a copy of the Complaint to the Defendant,

_____

_____

(2)     By leaving a copy of the Summons and a copy of the Complaint at

_____

_____

(3)     Other service or remarks:

_____

Sheriff's Costs: _____     By:_____

                                                                      Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2022, I mailed a copy of this Summons and a copy of the Complaint to the Defendant, by certified mail, requesting a return receipt at the address furnished by the Plaintiff.


Date:_____

                    _____

                    Clerk, Circuit/Superior Court


                    By:_____

                          Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, was accepted by the Defendant on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint were returned not accepted on the _____ day of _____, 2022.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to the Defendant, on behalf of said Defendant on the _____ day of _____, 2022.


                    _____

                    Clerk, _____ Circuit/Superior Court

Date:_____

                    By:_____

                          Deputy

# INDIANA COMMERCIAL COURT

STATE OF INDIANA

COUNTY OF MARION

SS:

MARION SUPERIOR COURT

CAUSE NO. 49D01-2207-PL-024895

CHIP GANASSI RACING,

Plaintiff,

v.

ALEX PALOU MONTALBO and ALPHA
RACING, SL,

Defendants.

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

1.      The party on whose behalf this form is being filed is:

Initiating _____ Responding __**X**__ Intervening ____; and

the undersigned attorney and all attorneys listed on this form now appear in this
case for the following parties:

Defendants:    **Alex Palou Montalbo**
                Address: contact through counsel

                **Alpha Racing, SL**
                Address: contact through counsel

2.      Attorney information for service as required by Trial Rule 5(B)(2)

        Andrew W. Hull (11218-49)
        Riley H. Floyd (34014-29)
        HOOVER HULL TURNER LLP
        111 Monument Circle, Suite 4400
        P.O. Box 44989
        Indianapolis, IN 46244-0989
        Phone: (317) 822-4400 | Fax: (317) 822-0234
        Email: awhull@hooverhullturner.com
                rfloyd@hooverhullturner.com

3.      This is a Civil Plenary (PL) case type as defined in administrative Rule 8(B)(3).

4.      We will accept service from other parties by:

        FAX at the number noted above: Yes _____ No __**X**__

        E-MAIL at the address noted above: Yes _____ No __**X**__

5.      This case involves child support issues: Yes___ No __**X**__

6.      This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order: Yes___ No __**X**__

7.      This case involves a petition for involuntary commitment: Yes___ No __**X**__

8.      There are related cases: Yes _____ No __**X**__

9.      Additional information required by local rule: NONE

10.     There are other party members: Yes___ No __**X**__

11.     This form has been served on all other parties and Certificate of Service is attached: Yes__**X**__ No _____

[SIGNATURES APPEAR ON NEXT PAGE]

Respectfully submitted,

/s/ *Andrew W. Hull*
Andrew W. Hull (11218-49)

/s/ *Riley H. Floyd*
Riley H. Floyd (34014-29)

HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Phone: (317) 822-4400
Fax: (317) 822-0234
Email: awhull@hooverhullturner.com
rfloyd@hooverhullturner.com

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document using the Indiana E-filing System (IEFS) and that the foregoing document was served upon all counsel of record via IEFS on July 27, 2022.

/s/ *Andrew W. Hull*

1218308

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO.  49D01-2207-PL-_____ |

CHIP GANASSI RACING, LLC,   )
            )
    Plaintiff,     )
            )
  v.          )
            )
ALEX PALOU MONTALBO, and   )
ALPA RACING, SL,      )
            )
    Defendants.   )

**F I L E D**

July 29, 2022

CLERK OF THE COURT
MARION COUNTY
LB

## ORDER GRANTING PLAINTIFF'S VERIFIED MOTION TO MAINTAIN UNDER SEAL VERIFIED COMPLAINT AND SUPPORTING EXHIBITS 1, 2, 3, AND 6

This matter is before the Court on Plaintiff's *Verified Motion to Maintain Under Seal Plaintiff's Verified Complaint and Supporting Exhibits 1, 2, 3, and 6* ("Motion") pursuant to Indiana Access to Court Records Rules 5(B)(3) and 6.  The Court, having considered the Motion, and being otherwise duly advised in the premises, now GRANTS Plaintiff's Motion.

The Court finds that Plaintiff has demonstrated by clear and convincing evidence that Plaintiff's Verified Complaint and supporting Exhibits 1, 2, 3, and 6 contain confidential information that would, if publicly disseminated, create a significant risk of substantial harm to Plaintiff and potentially to Defendants.

Balancing the public's interest in having access to the Court's records with the grounds demonstrated by Plaintiff, the Court finds that it is appropriate to seal Plaintiff's Verified Complaint and supporting Exhibits 1, 2, 3, and 6 attached to Plaintiff's Verified Motion to Seal and that doing so is the least restrictive means of protecting the confidential information contained therein.

IT IS THEREFORE ORDERED that, pursuant to Indiana Access to Court Records Rule 6,

Plaintiff's Verified Complaint and supporting Exhibits 1, 2, 3, and 6 attached to Plaintiff's Verified

Motion to Maintain Documents Under Seal are to remain under seal and excluded from public access

until further order of the Court.

**July 29, 2022**

SO ORDERED on _____.

*Heather A. Welch*

Heather Welch, Judge
Marion Superior Court 1

Distribution to all parties and counsel *via* IEFS.

While the Court has determined that the above exhibits
should be temporily sealed, the Court sets a hearing on
October 3, 2022 at 11:30am , 2022 at ___ for 15 minutes.

The Defendants do no object to this request.

F I L E D
July 29, 2022
CLERK OF THE COURT
MARION COUNTY
LB

# INDIANA COMMERCIAL COURT

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO. 1 |
| COUNTY OF MARION | ) | CAUSE NO. 49D01-2207-PL-24895 |

|  |  |
|---|---|
| CHIP GANASSI RACING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX PALOU MONTALBO, and | ) |
| ALPA RACING, SL, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING PLAINTIFF'S VERIFIED MOTION TO MAINTAIN UNDER SEAL PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff's *Verified Motion to Maintain Under Seal Plaintiff's Motion for Preliminary Injunction* ("Motion") pursuant to Indiana Access to Court Records Rules 5(B)(3) and 6. The Court, having considered the Motion, and being otherwise duly advised in the premises, now GRANTS Plaintiff's Motion.

The Court finds that Plaintiff has demonstrated by clear and convincing evidence that Plaintiff's Motion for Preliminary Injunction (Exhibit A to Verified Motion to Maintain Under Seal) contains confidential information that would, if publicly disseminated, create a significant risk of substantial harm to Plaintiff and potentially to Defendants.

Balancing the public's interest in having access to the Court's records with the grounds demonstrated by Plaintiff, the Court finds that it is appropriate to seal Plaintiff's Motion for Preliminary Injunction (attached to Plaintiff's Verified Motion to Seal) and that doing so is the least restrictive means of protecting the confidential information contained therein as redaction of said Motion is impractical.

1

IT IS THEREFORE ORDERED that, pursuant to Indiana Access to Court Records Rule 6,

Plaintiff's Motion for Preliminary Injunction (Exhibit A to Plaintiff's Verified Motion to Maintain

Documents Under Seal) is to remain under seal and excluded from public access until further order

of the Court.          **July 29, 2022**

SO ORDERED on _____.

_Heather A. Welch_
_____
Heather Welch, Judge
Marion Superior Court 1

Distribution to all parties and counsel _via_ IEFS.

The Court finds that the above exhibits shall be temporily
sealed from public acess until the heairng schedules for
___October 3, 2022 at 11:30___

, 2022 at _____ for 15 minutes.  The Defendants do not
object.